**Robert HANNA, Appellant,**

v.

**UNITED STATES of America VETERANS' ADMINISTRATION HOSPITAL.**

No. 74–1976.

United States Court of Appeals, Third Circuit.

Argued March 18, 1975.

Decided April 18, 1975.

---

James J. Kerwick, Brickley, Frank & Kerwick, Philadelphia, Pa., for appellant.

Robert E. J. Curran, U. S. Atty., Robert S. Forster, Jr., Asst. U. S. Atty., Philadelphia, Pa., for appellee.

Before ALDISERT, GIBBONS and GARTH, Circuit Judges.

## OPINION OF THE COURT

GIBBONS, Circuit Judge.

This is an appeal from an order which granted the motion of the United States to dismiss the complaint on the ground that a suit under the Federal Tort Claims Act was barred by the governing 2 year statute of limitations. 28 U.S.C. § 2401(b). We reverse because the record discloses, somewhat inartistically, but nevertheless sufficiently, a genuine fact issue as to the time at which the statute of limitations commenced running.

The complaint seeks damages for alleged medical malpractice in a Veterans' Administration Hospital. Plaintiff alleges that on August 4, 1969 he was admitted to the hospital for treatment for injuries, that he underwent a spinal fusion operation on August 26, 1969, and that as a result of the negligence of the hospital's employees he developed a painful post-operative infection which apparently disappeared within three months of the surgery, but recurred by June 10, 1971. The complaint was filed on February 25, 1974. If the statute of limitations commenced running in 1969 or even on June 10, 1971, the action is barred. These dates appear on the face of the complaint. The government filed a motion to dismiss because the court "lacks jurisdiction over the subject matter of this action because the plaintiff's claim is barred by the applicable statute of limitations."[1] No affidavits were filed.

However, in addition to the allegations referred to above, the complaint also alleges:

> "SEVENTH: It was known to the employees of the Defendant that the Plaintiff suffered extreme anxiety in anticipation of the surgery which Defendant's employees intended to perform and that the Plaintiff had a lengthy history of mental illness, nevertheless Defendant's employees performed the operation.
>
> .   .   .   .   .
>
> ELEVENTH: Said operation and the infection which developed from it, moreover, have increased the Plaintiff's feelings of anxiety and deepened his depression, and thereby necessitated that Plaintiff seek psychiatric help at his additional expense."

■ These allegations, while suggesting the possibility that plaintiff was unaware of the nature of his injury, are insufficient to suggest that the running of the statute was tolled until some time within two years of February 25, 1974.

But in response to the government's Rule 12 motion the plaintiff's attorney filed a paper, unknown to Rule 7, Fed.R. Civ.P., entitled "ANSWER TO MOTION TO DISMISS" which in conclusory fashion denied that the plaintiff's claim was time barred. Plaintiff's attorney also filed a memorandum of law to which was attached excerpts of testimony by Dr. William Cassidy before a Workmen's Compensation Referee in another proceeding, suggesting that the diagnosis of infectious osteomyelitis caused by negligent treatment in 1969, was not made until June 1972. Also attached were excerpts from the testimony of Doctor Robert Chaeffsky before the same referee suggesting that plaintiff has been under constant psychiatric treatment since a time prior to the operation in 1969.

■ The method of calling this testimony to the attention of the court certainly was not in compliance with Rule 56(e), and there is no affidavit showing any reason why affidavits from these physicians would not have been available. See Rule 56(f). But a letter in the record on the letterhead of the attorneys for the plaintiff addressed to the court suggests that there may have been some understanding with the Assistant United States Attorney that the case could be pleaded less formally than the rules require. In any event, the memorandum of the district court shows that it did consider the contents of these excerpts from the testimony. Thus it would appear that matters outside the pleadings were presented and not excluded by the court. When this is done the last sentence of Rule 12(b)(6) requires that the motion be disposed of as provided in Rule 56.

■ Rule 9(f) provides that averments of time and place are material. This being so, a Rule 12(b) motion can be utilized when the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations. 2A J. Moore, Federal Practice ¶ 9.07, at 1963

---

1. More properly, the motion should have been characterized as a motion to dismiss for failure to state a claim upon which relief can be granted.

(2d ed. 1974). *Compare* Currier v. Knapp, 442 F.2d 422 (3d Cir. 1971) (Statute of Frauds must be pleaded by answer). But if there is a question of fact as to the existence of the defense, the issue cannot be determined on affidavits. 2A J. Moore, Federal Practice ¶ 12.10, at 2316–17 (2d ed. 1974).

Our review of the excerpts of testimony which the district court considered, and of the district court's memorandum, has convinced us that the district court did determine the statute of limitations defense by resolving a disputed fact issue. The court seized upon the allegation in the complaint that in 1971 plaintiff had a post-operative infection at the site of the operation, and coupled this with an answer by Dr. Cassidy to the effect that spontaneous infections in the back are rare. From these two items of evidence the court concluded that the plaintiff knew or must have known of the cause of his condition. But this finding attributes to the plaintiff the expert knowledge of a physician, ignores the testimony about plaintiff's psychiatric condition, and ignores the testimony by Dr. Cassidy suggesting that the cause of the back condition, osteomyelitis, a bone infection caused by the surgery, was first diagnosed in June of 1972.

We do not approve the rather informal manner in which the plaintiff's attorney responded to the government's Rule 12 motion. But the district court did consider the contents of the excerpts of testimony by the doctors, and we must assume that had it insisted on more formal compliance with Rule 56(e) the plaintiff would have come forward. Thus we must treat the case as one involving a motion for summary judgment.

Since there are genuine fact issues as to the statute of limitations defense we reverse and remand for further proceedings.