**THE MARYLAND, a Corporation, Appellant,**

v.

**Bruce SANDIDGE, Appellee.**

**Rapid City Implement Company.**

**THE MARYLAND, a Corporation, Appellee,**

v.

**Bruce SANDIDGE, Appellant,**

**Rapid City Implement Company, Appellee.**

**Nos. 80–1750, 80–1773.**

United States Court of Appeals, Eighth Circuit.

Submitted May 19, 1981.

Decided June 30, 1981.

David P. Olson, Rapid City, S. D., for The Maryland.

Reed C. Richards, argued, Deadwood, S. D., for Bruce Sandidge; Stephen C. Hoffman, Silver City, S. D., on brief.

George Beal, Rapid City, S. D., for Rapid City Implement Co.

Before LAY, Chief Judge, ARNOLD, Circuit Judge, and BECKER,* Senior District Judge.

LAY, Chief Judge.

Bruce Sandidge, a western South Dakota logger, leased a 1972 paylogger from Rapid City Implement. Two days later, while being used by Sandidge in his logging business, the machine was damaged by fire. An independent adjusting firm valued the undamaged paylogger at $14,195 and received no salvage bids to purchase the damaged machine. The machine was eventually sold for salvage to the Rapid City Implement Company for $2,000. The Maryland, an insurance company, settled the claim with its insured, Rapid City Implement, for $12,150, and Rapid City Implement retained the damaged paylogger.

The Maryland, as subrogee of Rapid City Implement, brought this action against Sandidge, seeking recovery of the amount it paid to its insured, alleging that Sandidge breached the lease agreement which required him to insure the paylogger.[1] Sandidge filed a counterclaim asserting the terms of the lease requiring him to buy insurance were not adequately disclosed to him. The district court sustained The Maryland's motion for summary judgment as to liability and at the same time dismissed Sandidge's counterclaim. At trial, Sandidge contested the salvage value of the paylogger and claimed The Maryland's settlement with its insured was excessive. This defense was successful and the jury returned a verdict in The Maryland's favor for $4,250.00.

On appeal The Maryland asserts that the district court should have granted its motion for summary judgment on damages, as well as liability. The Maryland claims it is entitled to the full extent of its

---

* William H. Becker, Senior District Judge, Western District of Missouri, sitting by designation.

1. Sandidge also filed a third-party action against Rapid City Implement. The district court granted summary judgment to Rapid City Implement. Sandidge has abandoned his claim of error as to this ruling.

payment to Rapid City Implement because Sandidge failed to controvert affidavits, filed on behalf of The Maryland, with specific facts showing a genuine issue for trial as required by rule 56(e) of the Federal Rules of Civil Procedure. In response to The Maryland's motion for summary judgment on damages, Sandidge filed an affidavit stating that based upon his experience as a logger and as a buyer of logging equipment such as payloggers, the amount of damage to the paylogger was overestimated and that its salvage value was underestimated by The Maryland. The district court apparently found that Sandidge's affidavit created a sufficient issue of fact for trial. We find no error in the district court's conclusion. *See Hanna v. United States Veterans' Administration Hospital*, 514 F.2d 1092 (3d Cir. 1975); 6 Moore's Federal Practice ¶ 56.15[6] at 604–09 (2d ed. 1980).

Sandidge cross-appeals and argues it was error for the district court to grant The Maryland's motion for summary judgment as to liability. The court found no issue of material fact concerning the unconscionability of the insurance terms in the leasing agreement and held as a matter of law, that the terms were valid and enforceable. The insurance terms require the lessee to obtain insurance against theft or casualty losses in a satisfactory amount underwritten by an insurance carrier acceptable to the lessor. We agree with the district court that these contract terms are not, as a matter of law, unconscionable. We also agree, there is no material issue of fact relating to the insurance terms. Therefore, we conclude that the district court properly sustained The Maryland's motion for summary judgment as to liability.

On cross-appeal Sandidge also asserts that it was error for the district court to award prejudgment interest. Sandidge argues that the damages were not "certain, or capable of being made certain by calculation," as required by South Dakota's prejudgment interest statute. S. D. Compiled Laws Ann. § 21–1–11. He urges that it was only after the jury determined the amount of the damages that they were final and certain. The South Dakota Supreme Court has interpreted this statute to allow recovery of prejudgment interest if the value of any damage can be computed by reference to established or reasonably ascertainable market prices. *Beka v. Lithium Corporation of America,* 77 S.D. 370, 92 N.W.2d 156, *tion of America,* 77 S.D. 370, 92 N.W.2d 156, 159 (1958). We find that the district court did not abuse its discretion by granting prejudgment interest under section 21–1–11 since there was a reasonably ascertainable market value for the paylogger. *See Peter Kiewit Sons' Co. v. Summit Construction Co.,* 422 F.2d 242, 272–74 (8th Cir. 1969).

We find no merit in the other issues raised by the parties.

Judgment affirmed.