**In re Darlene M. ROBERSON, Debtor.**

**Darlene M. Roberson, Plaintiff,**

**v.**

**Cityscape Corporation, Fairbanks Capital Corporation, Harris Trust and Savings Bank, and Vintage Financial Group, Defendants.**

**Bankruptcy No. 00–12798DWS.
Adversary No. 00–0679.**

United States Bankruptcy Court,
E.D. Pennsylvania.

May 1, 2001.

Kirsten E. Keefe, Philadelphia, PA, for Plaintiff.

Peter J. Leyh, Philadelphia, PA, David M. Souders, Weiner Brodsky Sidman Kider, PC, Washington, DC, Cynthia G. Swann, Washington, DC, for Fairbanks Capital Corp. and Harris Trust and Savings Bank.

Marilyn Heffley, Reed Smith LLP, Philadelphia, PA, for Cityscape Corporation.

Edward Sparkman, Philadelphia, PA, Chapter 13 Trustee.

### MEMORANDUM OPINION

DIANE WEISS SIGMUND,
Bankruptcy Judge.

Before the Court are the motions ("Motions") for judgment on the pleadings filed by defendants, Fairbanks Capital Corporation ("Fairbanks") and Cityscape Corporation ("Cityscape").[1] Fairbanks' Motion seeks the dismissal of Count I of plaintiff Darlene Roberson's ("Plaintiff") complaint ("Complaint").[2] Cityscape's Motion is also directed at Count I as well as Counts II and III.[3] Counts I and II allege claims based on the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.* and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*, respectively. Count III states a claim for fraud under Pennsylvania common law. The parties have submitted briefs on the issues which I have reviewed. Upon consideration, I grant Fairbanks' Motion but allow Plaintiff to amend Count I to assert her claim against Fairbanks for statutory damages under TILA by way of recoupment. I grant Cityscape's Motion as to Counts I and II but deny it as to Count III.

### BACKGROUND [4]

Plaintiff is a 42 year old woman who resides at 5745 N. Lawrence Street in Philadelphia, Pennsylvania. Complaint ¶ 10. In 1995, Plaintiff applied to Cityscape for "a loan to consolidate some debt and refinance her mortgage so that she would have lower monthly payments." *Id.* ¶ 11. Although Plaintiff did not ask for "a loan to pay other debts, these amounts

---

1. Fairbank's reply in support of its motion for judgment on the pleadings states that: "Defendant Harris Trust and Savings Bank ... joins in Fairbanks' Motion and in this Reply." Fairbanks Capital Corp.'s Reply in Support of its Motion for Judgment on the Pleadings ("Fairbanks' Reply") at 1 n. 1. Notably, Fairbanks' Reply was not signed by Harris Trust and Savings Bank ("Harris"). Moreover, the Motion was never signed by Harris and it never filed its own motion indicating that it was joining in Fairbanks' Motion. Given these circumstances, I do not view Harris as having joined in Fairbanks' Motion.

2. In its Motion, Fairbanks also sought the dismissal of Count II of the Complaint on the grounds that it did not participate in the origination or settlement of the loan at issue. Plaintiff concedes this point and states that she "drops any claims she may have asserted against Defendant Fairbanks regarding the RESPA violation in Count II." Plaintiff's Response to Defendant Fairbanks Capital Corp.'s Motion for Judgment on the Pleadings ("Response to Fairbanks' Motion").

3. The Complaint contains a total of five counts. *See infra* at 4. Neither of the Motions is directed at Counts IV or V.

4. Consistent with the standard of review for motions for judgment on the pleadings, *see infra* at 7–8, the facts set forth in this section are based on the allegations of the Complaint.

were nevertheless included in the loan." *Id.* ¶ 12. Cityscape arranged for a loan (the "Loan") to Plaintiff in the amount of $38,200.00 with an interest rate of 12.5%. *Id.* at ¶¶ 13, 15. The Loan obligated Plaintiff to make: (i) 179 monthly payments of $407.70 commencing on July 16, 1995; and (ii) a balloon payment, at the end of the fifteen year term, in the amount of $33,481.66. *Id.* ¶ 15. The terms of the Loan are set forth in a Promissory Note ("Promissory Note") signed by Debtor and dated June 12, 1995, which was the date of the closing on the Loan. *Id.* ¶¶ 14–15 & Exhibit B to Complaint. The Loan refinanced Plaintiff's $29,734.00 purchase money mortgage, a $2,484.12 water and sewer bill, $672.00 in unsecured debt for a medical bill and $765.00 in unsecured debt owed to Fashion Bug. *Id.* ¶ 16 & Exhibit C to Complaint. Plaintiff was charged $2,736.00 in miscellaneous settlement fees and costs, including a $1,870.00 broker fee to Vintage Financial Group ("Vintage"). *Id.* ¶ 17.

The Truth–in–Lending Disclosure which Cityscape provided to Debtor clearly lists the monthly payments which she was obligated to make on a white line; however, the $33,481.66 balloon payment is listed on a darkened line which, as Plaintiff alleges, renders it nearly impossible to detect. *See* Exhibit D to Complaint. *See also* Complaint ¶ 18. Cityscape and Vintage allegedly failed to otherwise disclose or advise Plaintiff about the existence of the balloon payment which totaled almost the amount of the Loan. *Id.* ¶ 19. Cityscape and Vintage also allegedly: (i) represented to Plaintiff that the interest rate on the Loan would be a more beneficial rate than her current mortgage rate;[5] and (ii) misrepresented to Plaintiff that her monthly pay-

ments would be lower by failing to inform her that she would be responsible for paying her taxes and insurance separately whereas previously she had paid them through an escrow account with her mortgage payment. *Id.* ¶ 21. Cityscape subsequently assigned the Loan to Fairbanks who currently owns it; Harris services the Loan. *Id.* ¶ 22.

On March 3, 2000, Debtor filed a Voluntary Petition for Relief under Chapter 13 of the Bankruptcy Code. Fairbanks subsequently filed a Proof of Claim. Thereafter, Debtor commenced the instant adversary proceeding by filing the Complaint.

The Complaint contains five counts. As indicated above, the Motions focus on Counts I, II and III. The allegations in these Counts are described below. Count IV is a claim under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201–1 *et seq.* Count V is an objection to Fairbanks' Proof of Claim.

In Count I, Plaintiff contends that Cityscape failed to deliver all "material" disclosures required by TILA by failing to clearly and accurately disclose: (i) the "amount financed"; (ii) the "finance charge"; and (iii) the "annual percentage rate." *Id.* ¶ 24. As a result of these violations, Plaintiff claims that she is entitled to the following relief: rescission of the transaction (*i.e.,* the Loan); termination of any security interest in her property created under the transaction; the return of any money or property given by her in connection with the transaction; statutory damages of $2,000; forfeiture of return of the Loan proceeds, actual damages; and an award of reasonable attorney's fees and costs. *Id.* ¶ 26.

---

**5.** Plaintiff alleges in conclusory fashion that Cityscape "misrepresented the amount of the interest rate" to her, but fails to provide any factual allegations to support the conclusion. *See* Complaint ¶ 21.

In Count II, Plaintiff alleges that Cityscape violated the prohibitions in § 2607 of the RESPA against business referrals and splitting charges by arranging for Vintage to receive the $1,870 broker fee in connection with the Loan. *Id.* ¶¶ 28–29. As a result of these violations, Plaintiff alleges that she is entitled under 12 U.S.C. § 2607(d) to statutory damages and reasonable attorney's fees and costs.[6] *Id.* ¶ 30.

In Count III, Plaintiff alleges that Cityscape and Vintage committed fraud by: (i) representing to Plaintiff that it would be beneficial to her to consolidate her secured and unsecured debt; (ii) failing to disclose to Plaintiff "in any meaningful way prior to the loan closing the substantial cost to her in terms of points, an increased rate and other costs of consolidating her debts"; (iii) representing to Plaintiff that it "would be beneficial to her to refinance $29,734.00 principal balance on her mortgage at a low interest rate, while omitting to disclose to her prior to the loan closing the true cost of the refinancing"; (iv) representing to Plaintiff that "she had agreed to hire Vintage as her broker and that Vintage was entitled to a broker fee, when in fact she never knowingly agreed for Vintage to act as her broker and obtain a broker's fee." *Id.* ¶¶ 31–33. As a result of this conduct, Plaintiff claims that she is entitled to actual and punitive damages. *Id.* ¶ 39.

Fairbanks and Cityscape (collectively referred to as "Movants") filed answers to the Complaint and, thereafter, filed their Motions. Plaintiff filed responses to the Motions. *See* Response to Fairbanks' Motion; Plaintiff's Response to Defendant Cityscape Corporation's Motion for Judg-

ment on the Pleadings ("Response to Cityscape's Motion"). Shortly thereafter, each of the Movants filed a reply. *See* Fairbanks' Reply; Defendant Cityscape Corporation's Reply Memorandum in Further Support of its Motion for Judgment on the Pleadings ("Cityscape's Reply").

Movants contend that Count I should be dismissed pursuant to 15 U.S.C. § 1635(f) because Plaintiff's right to rescission under TILA has expired. In response, Plaintiff argues that she is entitled under state as opposed to federal law to raise her right to rescission defensively by way of recoupment beyond the three year bar of § 1635(f). She also argues that Count I asserts a TILA claim for statutory damages which may also be brought by way of recoupment. She further argues that the one year statute of limitations applicable to her TILA claim is subject to equitable tolling based on the doctrine of fraudulent concealment.

Cityscape asserts that Count II should be dismissed because it is time-barred by the applicable statute of limitations which, pursuant to 12 U.S.C. § 2614, is one year from the occurrence of the alleged violation. Plaintiff contends that her claim is not time-barred because she is bringing it defensively for purposes of recoupment.

As for Count III, Cityscape contends, citing to the two year statute of limitations set forth in 42 Pa.C.S.A. § 5524(7) for common law fraud, that Plaintiff's claim therein is also time-barred since the alleged fraudulent misrepresentations and non-disclosures occurred, by Plaintiff's "own admission," before the loan closed on June 12, 1995. Plaintiff asserts that while the two year statute of limitations is gen-

---

**6.** In Count II of the Complaint, Plaintiff alleges only that Fairbanks is liable to her for the RESPA violations; she does not allege that Cityscape is also liable. *See* Complaint ¶ 30. Nevertheless, Cityscape and Plaintiff have

proceeded as if Plaintiff has alleged that Cityscape is liable under Count II. For the sake of efficiency, I will treat Count II as Plaintiff and Cityscape have viewed it (*i.e.,* as also directed at Cityscape).

erally applicable to claims for fraud, the discovery rule should be applied to delay the initial running of the statute until she "knew or, through the exercise of reasonable diligence should have known, of the injury and its cause." Response to Citybank's Brief at 10 (*quoting Beauty Time, Inc. v. VU Skin Systems, Inc.*, 118 F.3d 140 (3d Cir.1997) (*quoting Urland v. Merrell–Dow Pharmaceuticals*, 822 F.2d 1268, 1271 (3d Cir.1987))).

## DISCUSSION

### I. Standard of Review

■ Rule 12(c) of the Federal Rules of Civil Procedure, made applicable hereto by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, allows a party to move for judgment on the pleadings after the pleadings are closed. *See* Fed.R.Civ.P. 12(c); Fed.R.Bankr.P. 7012. A motion for judgment on the pleadings is subject to the same standard as a Fed.R.Civ.P. 12(b)(6) motion to dismiss. *United States v. Wood*, 925 F.2d 1580, 1581 (7th Cir.1991). The primary difference between these motions is timing; a Rule 12(c) motion is filed after an answer while a Rule 12(b)(6) motion is filed before an answer. *Duncan v. St. Paul Fire & Marine Insurance Co.*, 129 F.Supp.2d 736, 737 (M.D.Pa.2001).

■ Judgment on the pleadings will be granted only if the movant " 'clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law.' " *Jablonski v. Pan American World Airways, Inc.*, 863 F.2d 289, 290 (3d Cir.1988) (*quoting Society Hill Civic Association v. Harris*, 632 F.2d 1045, 1054 (3d Cir.1980)). *See also Chovanes v. Thoroughbred Racing Association*, 2001 WL 43780, at *1 (E.D.Pa. January 18, 2001) (applying same standard). In making this determination, all well-plead factual allegations in the complaint must be taken as true and all inferences must be drawn in the light most favorable to the non-moving party, *see Jablonski v. Pan American World Airways, Inc., supra*, at 290–91, but unsupported or sweeping legal conclusions are not accepted, *Sebastian v. D & S Express, Inc.*, 61 F.Supp.2d 386, 388 (D.N.J.1999). The court looks to the facts alleged in the complaint and any attachments thereto.[7] *Duncan v. St. Paul Fire & Marine Insurance Co., supra*, at 737. *See also Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n. 2 (3d Cir.1994). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). The statute of limitations may be a basis for a motion to dismiss and, therefore, a motion for judgment on the pleadings, "only if 'the time alleged in the statement of the claim shows that the cause of action has not been brought within the statute of limitations.' " *Bethel v. Jendoco Construction Corporation*, 570 F.2d 1168, 1174 (3d Cir.1978) (*quoting Hanna v. United States Veterans' Administration Hospital*, 514 F.2d 1092, 1094 (3d Cir.1975)).

### II. Count I

Count I of the Complaint alleges a claim under TILA and seeks rescission and statutory damages. The limitations period applicable to claims for rescission under TILA is different from the limitations period applicable to claims for statutory damages. Accordingly, I must examine the request for rescission separately from the request for damages.

---

**7.** According to Fed.R.Civ.P. 10(c), which is applicable hereto by Fed.R.Bankr.P. 7010, "[a] copy of a written instrument which is an exhibit to a pleading is a part thereof for all purposes."

## A. Rescission

█ Section 1635(f) of TILA imposes a time limitation on claimants seeking rescission. This section states, in pertinent part:

An obligor's right of rescission shall expire three years after the date of consummation of the transaction ... notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor[.]

15 U.S.C. § 1635. In *Beach v. Ocwen Federal Bank*, 523 U.S. 410, 118 S.Ct. 1408, 140 L.Ed.2d 566 (1998), the Supreme Court construed this statutory provision. Noting that the provision "talks not of a suit's commencement," like the typical statute of limitations, but "of a right's duration," *id.* at 416, 118 S.Ct. 1408, the Supreme Court ruled that a borrower's federal right to rescind under TILA is extinguished at the end of the three year period set forth in § 1635(f) and cannot be raised after such date, defensively or otherwise.

However, in reaching its decision in *Beach*, the Supreme Court specifically noted that it was not deciding whether state law might permit a borrower to raise the right to rescission defensively outside of the three year bar. *Id.* at 1413 & n. 6, 118 S.Ct. 1408. The Supreme Court observed that § 1635(i)(3) provides that: "[n]othing in this subsection affects a consumer's

right of rescission in recoupment under State law." *Id.* at 1413, 118 S.Ct. 1408.

Applying the Supreme Court's teachings in *Beach*, the bankruptcy court in *Fidler v. Central Cooperative Bank (In re Fidler)*, 226 B.R. 734 (Bankr.D.Mass.1998), ruled that the plaintiff's claims for rescission under TILA were barred by the three-year period in § 1635(f), but that the plaintiff's rescission claims under Massachusetts statutory law were not so barred. The Massachusetts' statute at issue was the Consumer Credit Cost Disclosure Act ("CCCDA"), Mass. Gen. Laws ch. 140D, § 1 *et seq*. The bankruptcy court noted that while § 10 of the CCCDA closely paralleled § 1635(f), including the three year limitation period, the provisions were not identical. 226 B.R. at 737. The state statute contained a provision stating that: "[n]othing in this section shall be construed so as to affect a consumer's right of recoupment under the laws of the commonwealth." *Id.* Interpreting this provision, the bankruptcy court held that rescission claims under the CCCDA are not subject to the three year limitations period so long as they are brought by way of recoupment.

Seizing upon the door which the Supreme Court left open in *Beach* and citing to the bankruptcy court's decision in *Fidler*, Response to Fairbanks' Motion at 4, Plaintiff argues that Pennsylvania state law allows a consumer to raise his or her right to rescission under TILA defensively beyond the three year bar.[8] Plaintiff ad-

---

**8.** Plaintiff has not argued that the three year bar in § 1635(f) is subject to equitable tolling. Rather, her tolling argument focuses solely on the one year statute of limitations in § 1640(e). *See* Response to Fairbanks' Motion at 7–9; Response to Cityscape's Motion at 7–9. Nevertheless, I note that since the Supreme Court has ruled that "TILA permits no right to rescind, defensively or otherwise, after the 3–year period of § 1635(f) has run,"

it would seem that § 1635(f) is not subject to equitable tolling. *See Jones v. Saxon Mortgage, Inc.*, 161 F.3d 2, 1998 WL 614150, at *5—*7 (4th Cir. September 9, 1998) (table decision; published on Westlaw) (holding that § 1635(f) "is an absolute time limit and cannot be tolled[.]"); *Shaw v. Federal Mortgage & Investment (In re Shaw)*, 178 B.R. 380, 386 (Bankr.D.N.J.1994) (concluding that the three year limitation period in § 1635(f) is not sub-

mits that no statutory law exists in Pennsylvania similar to the statutory language applied in *Fidler*, but contends that "there is ample evidence ... in our case law" that such a right exists. *Id.* at 5. In support of this argument, she cites two cases, namely *Soto v. PNC Bank (In re Soto)*, 221 B.R. 343 (Bankr.E.D.Pa.1998), which I decided, and *Silverman v. Eastrich Multiple Investor Fund, L.P.*, 51 F.3d 28 (3d Cir.1995).

My decision in *Soto* fails to advance Plaintiff's position on this point because I specifically deferred ruling therein on whether a plaintiff has a state law right in Pennsylvania to assert a claim for rescission defensively beyond the three year bar set forth in § 1635(f). 221 B.R. at 358 n. 33. The Third Circuit's decision in *Silverman* also provides no assistance to Plaintiff. In *Silverman*, our Court of Appeals held that while the statute of limitations applicable to the plaintiff's claim under the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 *et seq.*, may have barred the plaintiff from bringing an affirmative action for violations thereof, it did not prevent her from raising the violation as a defense to the defendant's effort to collect and enforce a guaranty against her. 51 F.3d at 31–32. In so ruling, the Third Circuit applied the general rule applicable to statutes of limitations that "a defendant may raise a claim in recoupment even if he could no longer bring it independently," *see Beach*, 523 U.S. at 415–16, 118 S.Ct.

1408, to the plaintiff's claim under ECOA. However, as the Supreme Court ruled in *Beach, supra*, § 1635(f) is not a statute of limitations. Consequently, the issue of whether a claim may be asserted by way of recoupment despite the fact that the statute of limitations has run is irrelevant to this matter. *Id.* at 416, 118 S.Ct. 1408. In short, I am unpersuaded by Plaintiff's authority that she has a state law right to assert her claim for rescission defensively outside of the three year bar set forth in § 1635(f). Nor has my independent research uncovered any authority which convinces me of Plaintiff's position. Consequently, I reject Plaintiff's argument that Pennsylvania state law allows a consumer to raise his or her right to rescission under TILA defensively beyond the three year bar in § 1635(f).[9] Count I shall be dismissed to the extent it seeks rescission of the Loan.

### B. Statutory Damages

In addition to seeking rescission in Count I, Plaintiff also seeks statutory damages under TILA. The limitation provision applicable to such claims is 15 U.S.C. § 1640(e) which states, in pertinent part:

> Any action under this section may be brought in any United States district court, or in any court of competent jurisdiction, within one year from the date of the occurrence of the violation. This subsection does not bar a person from

---

ject to equitable tolling). *See also Ramadan v. The Chase Manhattan Corporation*, 156 F.3d 499, 505 (3d Cir.1998) (reasoning that equitable tolling applies to one year statute of limitations in § 1640(e) because it is unlike § 1635(f) wherein "Congress explicitly linked the right and the remedy."). Moreover, even if § 1635(f) could be equitable tolled, I would conclude in this case that the three year bar was not tolled because Plaintiff failed to act diligently. *See infra* at 14–15 (ruling that one year statute of limitations in § 1640(e) was

not equitably tolled because Plaintiff failed to act diligently).

**9.** I note that in *Household Consumer Discount Company v. Vespaziani*, 490 Pa. 209, 415 A.2d 689 (1980), the Pennsylvania Supreme Court ruled that federal and not state law governs whether the federal rights granted to consumers under TILA may be asserted defensively. Plaintiff has not asserted that any Pennsylvania statute exists which grants borrowers the right to rescind similar to TILA.

asserting a violation of this subchapter in an action to collect the debt which was brought more than one year from the date of the occurrence of the violation as a matter of defense by recoupment or set-off in such action[.]

15 U.S.C. § 1640(e). Applying this provision, Plaintiff is barred from affirmatively seeking to recover monetary damages under TILA since the conduct of which she complains occurred over a one year ago. However, plaintiff argues that: (i) the limitation period should be equitably tolled based on the doctrine of fraudulent concealment; and (ii) the limitation period in § 1640(e) does not bar her from raising her claim for statutory damages defensively by way of recoupment.

■■■ "Equitable tolling functions to stop the statute of limitations from running where the claim's accrual date has already passed." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir.1994). In *Ramadan v. The Chase Manhattan Corporation, supra,* the Third Circuit held that the one year period in § 1640(e) is subject to equitable tolling. 156 F.3d at 505.

■■■ In order to invoke the doctrine of fraudulent concealment as grounds for equitable tolling, a plaintiff must demonstrate: (i) that the party raising the statute of limitations fraudulently concealed facts that are the basis of the plaintiff's claim; (ii) that the plaintiff failed to discover the facts which are the basis of her claim; and (iii) the exercise of due diligence on her part. *Evans v. Rudy–Luther Toyota, Inc.,* 39 F.Supp.2d 1177, 1184 (D.Minn.1999); *Jones v. Saxon Mortgage, Inc.,* 980 F.Supp. 842, (E.D.Va.1997), *aff'd,* 161 F.3d 2, 1998 WL 614150 (4th Cir.1998) (table decision, published on Westlaw); *Bokros v. Associates Finance, Inc.,* 607 F.Supp. 869 (N.D.Ill.1984). Allegations of fraudulent concealment must be plead with particularity. *Byrnes v. DeBolt Transfer, Inc.,* 741 F.2d 620, 626 (3d Cir.1984).

■■■ In support of her assertion that the doctrine of fraudulent concealment applies here, Plaintiff argues that: (1) Fairbanks and Cityscape acted intentionally in failing to properly and accurately disclose the balloon payment on the Loan; (2) the nondisclosure of the balloon payment was not apparent to her at the time of the Loan transaction; and (3) she only learned through discovery that defendants had hidden the balloon payment on the darkened line on the TILA Disclosure form. Response to Fairbanks' Motion at 8–9; Response to Cityscape's Motion at 8–9. Significantly, Plaintiff failed to include any allegations in the Complaint regarding points (2) and (3). However, even if she had, as Fairbanks and Cityscape point out, Plaintiff's obligation to make a final balloon payment on the Loan is plainly set forth in the Promissory Note which she signed in connection with the Loan. *See* Exhibit B to Complaint. The Promissory Note states (on page 1, less than half way down the page):

> I [referring to Plaintiff] will pay principal and interest by making payments every month. Each of my monthly payments, except for my final payment, will be in the amount of U.S. $407.70. Assuming all scheduled monthly payments of principal and interest are made on their due dates, the final payment (the "Balloon Payment") will be U.S. $33,481.66, of which $33,136.49 is principal and the balance is interest. I will make my monthly payments on the 16th day of each month beginning on July 16th, 1995.

Promissory Note at ¶ 3. Consequently, Plaintiff could have learned of the existence of the Balloon Payment by reviewing the Promissory Note. A person has a duty to read a contract before signing it.

*Dentsply International, Inc. v. Benton,* 965 F.Supp. 574, 578 (M.D.Pa.1997). Plaintiff has not alleged any reason for failing to read the Promissory Note. Since by exercising due diligence Plaintiff could have discovered the facts which are the basis of her claim within the statute of limitations applicable to § 1640(e), the doctrine of fraudulent concealment is inapplicable to her claim. *See Diehl v. The ACRI Company,* 910 F.Supp. 439, 444–45 (C.D.Ill.1995) (rejecting equitable tolling argument and granting motion to dismiss TILA claim based, *inter alia,* on conclusion that plaintiffs failed to exercise due diligence in discovering that they had given defendant a mortgage on their home where they signed documents in connection with their transaction stating the same). *See also Moll v. U.S. Life Title Insurance Company of New York,* 700 F.Supp. 1284, (1988) (concluding that plaintiffs failed to satisfy their duty of due diligence for equitable tolling of statute of limitations applicable to RESPA based on the doctrine of fraudulent concealment since they had the means of discovery in their power and failed to allege that they used them).

■ With regard to Plaintiff's second argument, I previously ruled in *Soto, supra,* that the one year statute of limitations applicable to affirmative actions for recovery under TILA is not applicable to claims asserted as recoupment defenses. 221 B.R. at 359. Thus, to the extent that Plaintiff has asserted her claim by way of recoupment, it is not time-barred.

■ Recoupment is "a common law contract doctrine that allows 'countervail-ing claims, which otherwise could not have been asserted together to be raised in a case based upon any one of them.'" *Integra Bank/Pittsburgh v. Freeman,* 839 F.Supp. 326, 330 (E.D.Pa.1993) (*quoting Lee v. Schweiker,* 739 F.2d 870 (3d Cir. 1984)). A claim may be asserted by way of recoupment "if the claim arises from the same contractual transaction as the plaintiff's claim and essentially functions as a defense to that claim." *Integra Bank/Pittsburgh v. Freeman, supra,* at 330. In the Complaint, Plaintiff alleges that Fairbanks filed a Proof of Claim in her bankruptcy case; however, she has not alleged that Cityscape has asserted any claim against her. Moreover, while Plaintiff raised an objection to Fairbanks' Proof of Claim in Count V of the Complaint, none of the objections stated therein refer to her request for damages in Count I. Moreover, nowhere in Count I does Plaintiff indicate that she is raising her claim against Fairbanks as a defense. Rather, the allegations indicate solely that the claim is being raised affirmatively. Nevertheless, since Fairbanks has filed a Proof of Claim in Plaintiff's bankruptcy case and the statute of limitations applicable to claims for statutory damages under TILA does not bar Plaintiff from raising her claim against Fairbanks defensively, I will allow Plaintiff to amend her Complaint, should she choose, to plead her claim against Fairbanks by way of recoupment.

### III. Count II

■ Plaintiff admits that a one year statute of limitation is applicable to her claim against Cityscape under § 2607 of RESPA,[10] but asserts that her claim is not

---

10. The statute of limitations applicable to claims under § 2607 of RESPA states, in pertinent part:

An action pursuant to the provisions of section 2605, 2607 or 2608 of this title may be brought in the United States district court or in any other court of competent jurisdiction, for the district in which the property involved is located, or where the violation is alleged to have occurred, within ... 1 year in the case of a violation of section 2607[.] 12 U.S.C. § 2614.

time-barred because she brings it defensively for purposes of recoupment. However, as noted above, there are no allegations in the Complaint that Cityscape has asserted any claim against Plaintiff. Since recoupment is a "defensive claim which can only be asserted in response to an independent action instituted by another party," *Algrant v. Evergreen Valley Nurseries Limited Partnership*, 126 F.3d 178, 184 (3d Cir.1997), and no such action has been alleged, Count II shall be dismissed.

## IV. Count III

■■■■ Plaintiff admits that her claim in Count III for common law fraud is subject to a two year statute of limitations pursuant to 42 Pa.C.S.A. § 5524, but contends that the statute has not run based on application of the discovery rule. "The discovery rule functions to delay the initial running of the statutory limitations period . . . until the plaintiff has discovered or, by exercising reasonable diligence, should have discovered (1) that he or she has been injured, and (2) that this injury has been caused by another party's conduct." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, (3d Cir.1994). The Third Circuit has held that, under Pennsylvania law, when the underlying cause of action sounds in fraud, the discovery rule tolls the statute of limitations "until the plaintiff learns or reasonably should have learned through the exercise of due diligence of the existence of the claim." *Beauty Time, Inc. v. VU Skin Systems, Inc.*, 118 F.3d 140, 148 (3d Cir.1997). "[O]nce the running of a statute of limitations is properly tolled, only where facts are so clear that reasonable minds cannot differ may the commencement of the limitations period be determined as a matter of law." *Crouse v. Cyclops Industries*, 560 Pa. 394, 404, 745 A.2d 606, 611 (2000).

■■ In Count III, Plaintiff alleges that Cityscape[11] represented to her that "it would be beneficial for her to refinance her $29,734.00 principal balance on her mortgage at a low rate while omitting to disclose to her prior to the loan closing the true cost of the refinancing;" that it would be beneficial for her to consolidate her secured and unsecured debt, when in fact it was not; and that she "had agreed to hire Vintage as her broker and that Vintage was entitled to a broker fee, when in fact she never knowingly agreed for Vintage to act as her broker and obtain a broker's fee." Complaint ¶¶ 31–33. Plaintiff further alleges that Cityscape failed to "disclose to her in any meaningful way prior to the loan closing the substantial cost to her in terms of points, an increased rate and other costs of consolidating her debts." *Id.* ¶ 31. Significantly, neither Cityscape nor Plaintiff has addressed the application of the discovery rule in the context of these particular allegations. *See* Response to Cityscape's Motion at 10–11; Cityscape's Reply at 9.

Since Plaintiff's cause of action sounds in fraud, the statute of limitations applicable to her claim was tolled "until she learned or reasonably should have learned through the exercise of due diligence of the existence of a claim." Plaintiff's Complaint does not contain sufficient facts to make that determination. Accordingly, the issue of whether Plaintiff's claim in Count III is time-barred cannot be resolved at this stage of the litigation. *See Giusto v. Ashland Chemical Company*, 994 F.Supp. 587, 594 (E.D.Pa.1998) (refusing to dismiss claim based on statute of limitations since complaint did not contain sufficient facts to determine when plaintiff discovered or, in the exercise of reasonable diligence, should have discovered injury);

---

11. Vintage is also named as a defendant in Count III.

*Moore v. COPD Services, Inc.,* 1991 WL 255692, at *1 (E.D.Pa. November 27, 1991) (denying motion to dismiss claims of negligence and strict liability based on statute of limitations where it was not clear on the face of the complaint, in light of Pennsylvania's discovery rule, that the statute of limitations on those claims had run).

### V. Summary

Fairbanks' Motion shall be granted; however, Plaintiff shall be granted leave to amend Count I as to Fairbanks to assert her claim to statutory damages under TILA defensively by way of recoupment. Cityscape's Motion shall be granted as to Counts I and II, but denied as to Count III.

An order consistent with this Memorandum Opinion shall issue.

### *ORDER*

AND NOW, this 1st day of May 2001, upon consideration of Defendant Fairbanks Capital Corp.'s Motion for Judgment on the Pleadings ("Fairbanks' Motion") and Defendant Cityscape's Corporation's Motion for Judgment on the Pleadings ("Cityscape's Motion") and **And** for the reasons set forth in the accompanying Memorandum Opinion;

It is hereby **ORDERED** and **DECREED** that:

1. Fairbanks' Motion is **GRANTED**; however, Plaintiff is granted thirty days (30) from the date hereof to amend Count I of her complaint against Fairbanks Capital Corp. to assert her claim for statutory damages under TILA defensively by way of recoupment.

2. Cityscape's Motion is **GRANTED** as to Counts I and II of Plaintiff's Complaint, but **Denied** as to Count III.