

Opinions of the United
States Court of Appeals
for the Third Circuit

8-20-2007

# Zankel v. Temple Univ

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2829

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Zankel v. Temple Univ" (2007). *2007 Decisions*. Paper 567.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/567

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-2829
_____

SEKAI ZANKEL,

Appellant

v.

TEMPLE UNIVERSITY;
JOYCE A. JOYCE;
PETER LIACOURAS;
DEIRDRE WALTON;
CORRINNE A. CALDWELL

_____

On Appeal From the United States District Court
for the Eastern District of Pennsylvania
(No. 05-cv-02760)
District Judge: Honorable Cynthia M. Rufe

Submitted Under Third Circuit LAR 34.1(a)
May 24, 2007

Before: BARRY, CHAGARES, and TASHIMA,[*] Circuit Judges.

(Filed:  August 20, 2007)

_____

OPINION OF THE COURT

---

[*]     The Honorable A. Wallace Tashima, United States Court of Appeals for the
Ninth Circuit, sitting by designation.

_____

TASHIMA, <u>Circuit Judge</u>.

Plaintiff Sekai Zankel appeals the dismissal of her claims of disability

discrimination in violation of Title I of the Americans with Disabilities Act of 1990

("ADA"), 42 U.S.C. §§ 12111-17, and § 504 of the Rehabilitation Act of 1973

("Rehabilitation Act"), 29 U.S.C. § 794, against Temple University and several of its staff

(collectively, "Temple"). Zankel claims that Temple, her former employer, ignored her

requests for reasonable accommodation through modification of her job duties.[1] The

district court granted Temple's motion to dismiss pursuant to Federal Rule of Civil

Procedure 12(b)(6) with prejudice, finding that Zankel failed to file an administrative

complaint with the Equal Employment Opportunity Commission ("EEOC") within the

requisite 300 days of Temple's last refusal to make reasonable accommodation. Zankel

contends that her firing, which fell within the 300-day window, constituted an unlawful

adverse employment action and rendered the filing of the administrative complaint timely

with respect to all of the older instances of discrimination under a "continuing violation"

theory.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review of

the district court's Rule 12(b)(6) dismissal of Zankel's complaint. <u>See</u> <u>Gary v. Air</u>

_____

[1]     Zankel also brought Family and Medical Leave Act, 42 U.S.C. § 1983, and
state common law claims, which were dismissed by the district court as well. Zankel
appeals only the dismissal of the ADA and Rehabilitation Act claims. Thus, the FMLA, §
1983, and state law claims are not before us.

2

Group, Inc., 397 F.3d 183, 186 (3d Cir. 2005). We must accept as true all of the factual allegations in the complaint and draw all reasonable inferences from those allegations in favor of Zankel. Id.

After reviewing Zankel's complaint, we find no merit in her argument that her termination constituted a continuing violation of the earlier alleged denials of reasonable accommodation, and therefore conclude that her ADA and Rehabilitation Act claims are indeed untimely. We also conclude that the complaint does not sufficiently allege disability discrimination in Temple's termination of Zankel. We therefore affirm the district court's dismissal of Zankel's complaint.

## I.

Although Rule 12(b) does not explicitly permit the assertion of a statute of limitations defense by a motion to dismiss, the so-called "Third Circuit Rule" allows a defendant to assert a limitations defense in a Rule 12(b)(6) motion "if 'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'" Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002) (quoting Hanna v. U.S. Veterans' Admin. Hosp., 514 F.2d 1092, 1094 (3d Cir. 1975)).

Title I of the ADA governs claims of employment discrimination by persons with disabilities. See 42 U.S.C. §§ 12111-17. The same powers, remedies, and procedures used to enforce Title VII of the Civil Rights Act of 1964 ("Title VII") apply to ADA employment discrimination claims. Id. § 12117(a). Title VII allows a complainant 300 days from the alleged unlawful employment practice to file a charge of employment

3

discrimination with the EEOC where, as here, the complainant initially filed a complaint with a state or local agency with authority to grant relief for such unlawful practices. Id. § 2000e-5(e)(1).

Zankel filed her complaint with the EEOC alleging disability discrimination on June 28, 2001. Three hundred days prior to June 28, 2001 is September 1, 2000. Zankel's complaint can be construed to allege requests for reasonable accommodation from Temple in the form of modified job responsibilities between September 1997 and, at the latest, January 2000, well outside of the 300-day timeframe. The complaint also alleges, however, that Zankel was terminated on May 9, 2001. Zankel argues that the termination constituted an unlawful adverse employment action under the ADA within the 300-day timeframe, and contends that she should be deemed to have exhausted her administrative remedies with respect to the other allegations under the ADA because the termination constituted a continuation of the earlier denials of reasonable accommodation.

Under the continuing violation doctrine, "when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period; in such an instance, the court will grant relief for the earlier related acts that would otherwise be time barred." Brenner v. Local 514, United Bhd. of Carpenters & Joiners of Am., 927 F.2d 1283, 1295 (3d Cir. 1991). According to Zankel, "the pretextual termination of her employment was the culmination of an ongoing pattern of discrimination stretching back through, and including, the other dates that [Temple] discriminated against Plaintiff based upon her disabilities."

4

Appellant's Br. 16. The Supreme Court has declared, however, that the continuing violation doctrine has no applicability to "[d]iscrete acts such as termination, failure to promote, denial of transfer, or refusal to hire" because "[e]ach incident of discrimination and each retaliatory adverse employment action constitutes a separate actionable 'unlawful employment practice.'" Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114 (2002); cf. O'Connor v. City of Newark, 440 F.3d 125, 128 n.4 (3d Cir. 2006) (noting that this circuit has applied Morgan, a Title VII case, to ADA actions in two unpublished decisions). Zankel's May 2001 termination, therefore, is a discrete act, not a continuation of any earlier failures to accommodate that may have occurred between September 1997 and January 2000. The complaint therefore is untimely with respect to Temple's denials of Zankel's requests for reasonable accommodation; consequently, the district court did not err in dismissing the complaint with prejudice.

## II.

We also agree with the district court that the complaint alleges disability discrimination based only on Temple's alleged refusals to make various reasonable accommodations between 1997 and 2000. The ADA claim incorporates the paragraphs setting forth specific requests for accommodation, and alleges that "[d]espite these repeated complaints and requests for reasonable accommodation, Defendants refused to modify Plaintiff's job duties or to investigate the matter." Compl. ¶ 58. Although the complaint states that Temple terminated Zankel for failing to return from a medical leave, it in no way asserts that the termination itself was discriminatory. To state a cognizable

5

disability discrimination claim, Zankel must allege that her termination, ostensibly for failure to return to work after a medical leave, was a pretext or otherwise an instance of discrimination on the basis of disability. See Williams v. Phila. Hous. Auth. Police Dep't, 380 F.3d 751, 761 (3d Cir. 2004) (prima facie case of disability discrimination based on failure to reasonably accommodate requires plaintiff to show, inter alia, that she "has suffered an otherwise adverse employment decision as a result of discrimination"); id. at 759 (prima facie case of retaliation under anti-discrimination statutes requires showing of protected activity by the employee and a causal connection between the activity and the subsequent adverse employment action). Even construing the complaint liberally, it does not give Temple fair notice of a discrimination claim based upon Zankel's termination. Cf. Kanter v. Barella, 489 F.3d 170, 175 (3d Cir. 2007) (explaining that notice pleading requires the complaint to provide the defendant with fair notice of the claim and the grounds upon which it is based).[2]

---

[2]    Zankel did not request leave to amend her complaint in the district court; nor does she contend on appeal that leave to amend should have been granted.

We thus hold that the district court did not err in concluding that Zankel's complaint did not state a separate claim based on Zankel's termination. We will therefore affirm the judgment of the district court dismissing the complaint with prejudice.[3]

---

[3]       Zankel also appeals the dismissal of her claim under § 504 of the Rehabilitation Act. Like an ADA employment discrimination claimant, a § 504 claimant must also exhaust all administrative remedies in accordance with Title VII. See Spence v. Straw, 54 F.3d 196, 201 (3d Cir. 1995). Thus, for the same reasons discussed in the text above with respect to the ADA claim, we also conclude that dismissal with prejudice was appropriate as to the Rehabilitation Act claim.