■ RICHARD A. WILLIAMSON, ESQ., as Successor Liquidating Trustee of LIPPER CONVERTIBLES, L.P., Respondent, v CULBRO CORP. PENSION FUND et al., Defendants, and AMERICAN JEWISH JOINT DISTRIBUTION COMMITTEE, INC., Appellant. RICHARD A. WILLIAMSON, ESQ., as Successor Liquidating Trustee of LIPPER CONVERTIBLES, L.P., Respondent, v JEFFREY E. EPSTEIN, as Trustee of Institutional Interests, Appellant. RICHARD A. WILLIAMSON, ESQ., as Successor Liquidating Trustee of LIPPER CONVERTIBLES, L.P., Respondent, v EDITH ANN BARISH, Appellant. [838 NYS2d 524]—

Order, Supreme Court, New York County (Karla Moskowitz, J.), entered December 5, 2005, which, insofar as appealed from, denied the motion of defendant American Jewish Joint Distribution Committee, Inc. (AJJDC) to dismiss the complaint on statute of limitations grounds or, in the alternative, for a stay pending the outcome of actions against the noninvestor, wrongdoing defendants, unanimously reversed, on the law, with costs, the motion granted and the complaint dismissed in its entirety. The Clerk is directed to enter judgment accordingly.

Order, Supreme Court, New York County (Karla Moskowitz, J.), entered December 5, 2005, which, insofar as appealed from, denied defendant's motion to dismiss the complaint on statute of limitations grounds, unanimously reversed, on the law, with costs, the motion granted and the complaint dismissed in its entirety. The Clerk is directed to enter judgment accordingly.

Order, Supreme Court, New York County (Karla Moskowitz, J.), entered December 7, 2005, which, insofar as appealed from,

denied defendant's motion to dismiss the complaint on statute of limitations grounds, unanimously reversed, on the law, with costs, the motion granted and the complaint dismissed in its entirety. The Clerk is directed to enter judgment accordingly.

In these actions brought by the successor liquidating trustee on behalf of Lipper Convertibles, L.P., a private investment hedge partnership, to recover distributions wrongfully paid to defendant limited partners at the time of their respective withdrawals from the partnership, the motion court, as relevant to these appeals, denied the motions of all defendants to dismiss the complaint on, inter alia, statute of limitations grounds; dismissed plaintiff's causes of action for conversion, which are not at issue on these appeals; and held that the remaining claims for unjust enrichment and money had and received were not barred by the terms of the partnership agreement or the three-year statute of limitations in Partnership Law § 121-607 (c). The court found that subdivision (c) did not apply because section 121-607, when read as a whole, limits the three-year period to wrongful distributions made to withdrawing partners that rendered the partnership insolvent.

Partnership Law § 121-607 states, in pertinent part:

"(a) A limited partnership shall not make a distribution to a partner to the extent that, at the time of the distribution, after giving effect to the distribution, all liabilities of the limited partnership . . . exceed the fair market value of the assets of the limited partnership . . . .

"(b) A limited partner who receives a distribution in violation of subdivision (a) of this section, and who knew at the time of the distribution that the distribution violated subdivision (a) of this section, shall be liable to the limited partnership for the amount of the distribution. A limited partner who receives a distribution in violation of subdivision (a) of this section, and who did not know at the time of the distribution that the distribution violated subdivision (a) of this section, shall not be liable for the amount of the distribution. Subject to subdivision (c) of this section, this subdivision shall not affect any obligation or liability of a limited partner under a partnership agreement or other applicable law for the amount of a distribution.

"(c) Unless otherwise agreed, a limited partner who receives a wrongful distribution from a limited partnership shall have no liability under this article or other applicable law for the amount of the distribution after the expiration of three years from the date of the distribution."

In finding the limitation period in subdivision (c) applicable only to distributions that left the partnership insolvent, the mo-

tion court explained: "The statute does not define 'wrongful distribution.' However, as it is not defined, and, as it follows subdivision (a) and (b), subdivision (c) must refer to the distribution that (a) and (b) describe, i.e. one that renders the partnership insolvent and that the partner receiving the distribution knew would make the partnership insolvent."

The court's interpretation of Partnership Law § 121-607 (c) is, however, contrary to its plain language, which clearly states that the limitation period applies when a limited partner receives a "wrongful distribution." The term "wrongful" is plain and refers not only to distributions that render a partnership insolvent, but any improper distribution. Moreover, the subdivision states that the limited partner receiving a "wrongful distribution" shall have no liability after three years "under this article *or other applicable law*" (emphasis added). Neither the motion court nor plaintiff attempts to explain what "other applicable law" is subject to the three-year limitations period, if such period only applies to a wrongful distribution under subdivision (a).

Moreover, in *In re Die Fliedermaus LLC* (323 BR 101 [SD NY 2005]), an analogous case cited by defendants, the Bankruptcy Court, in interpreting New York's Limited Liability Company Law § 508, a nearly identical statute, stated that "[w]rongful is a broad term and the common understanding of the term would include distributions that could be recovered as either constructive or intentional fraudulent conveyances under the DCL [Debtor and Creditor Law], or as distributions based on an alleged breach of an LLC operating agreement" (*Die Fliedermaus* at 108). The court also interpreted the last sentence of subdivision (b), stating: "Thus, § 508 (b) contains a savings clause, making it clear that §§ 508 (a) and (b) do not override liability under the operating agreement or other 'applicable law'—but it provides that the savings clause is expressly subject to the three-year limitations period in § 508 (c). Accordingly, it was the intent of the New York Legislature that claims under the DCL and contractual claims for the recovery of distributions be preserved, but only as limited by § 508 (c)" (*id.*).

The motion court distinguished *Die Fliedermaus* on the ground that it involved insolvency, an obvious and not unusual observation, given it was a Bankruptcy Court decision. Thus, the court contended: "There is no reason to think that the court [in *Die Fliedermaus*] would have applied [a broad reading of wrongful distribution] if there had been no insolvency." However, the court in *Die Fliedermaus* was not limiting its interpretation of section 508 (c) to insolvency matters under

subdivision (a), but expressly stated "the intent of the New York Legislature to impose a blanket three-year limitations period on a member's State law liability for the receipt of a distribution, and to override longer State limitations periods, is made clear by the remainder of § 508" (viz., subdivisions [b] and [c]) (*Die Fliedermaus* at 108). The court in *Die Fliedermaus* then went on to discuss the above-quoted savings clause of subdivision (b). Clearly, the court was of the opinion that subdivision (c) is not limited to violations of subdivision (a).

Relatedly, the last sentence of subdivision (b) of Partnership Law § 121-607 states: "Subject to subdivision (c) of this section, this subdivision shall not affect any obligation or liability of a limited partner under a partnership agreement or other applicable law for the amount of a distribution." Thus, while subdivision (b) makes a limited partner liable for a violation of subdivision (a) only to the extent that the limited partner knew that the distribution rendered the partnership insolvent, it expressly states that this does not affect "liability of a limited partner under a partnership agreement or other applicable law for the amount of a distribution," but such liability is "[s]ubject to subdivision (c)." It is hard to imagine how this sentence can mean anything other than that a limited partner's liability for distributions "under a partnership agreement or other applicable law" is subject to the three-year statute of limitations.

It is additionally noteworthy that subdivision (b) of Partnership Law § 121-607 refers to violations of "subdivision (a)" no less than four times, when limiting liability to a limited partner for such violation to circumstances when the partner knew that the distribution rendered the partnership insolvent. However, in subdivision (c), the statute does not refer to a "violation of subdivision (a)," as it clearly could have done and repeatedly does in subdivision (b), but instead refers only to "wrongful distribution[s]," without limitation, and liability "under this article or other applicable law." Thus, applying the familiar principle expressio unius est exclusio alterius, it must be presumed that the Legislature deliberately left out any reference to violations of subdivision (a), and meant to use the more expansive term "wrongful distribution."

As plaintiff concedes, there is a dearth of legislative history, which, in any event, offers no comfort to plaintiff. Moreover, it is difficult to imagine that the Legislature intended to limit the three-year statute of limitations to violations of Partnership Law § 121-607 (a), requiring insolvency. That is, in order for liability to attach to a limited partner for a violation of subdivision (a), that partner must have been aware that the distribu-

tion would leave the partnership insolvent. If the three-year limitation period of subdivision (c) only applied to such violation, and a six-year limitation applied to all other "wrongful distributions," then the Legislature would have carved out more favorable treatment for partners who were aware that they had received a "wrongful distribution" than those who were not so aware. There is no allegation that any of the defendants had any reason to know that their distribution was based on an inflated value of the partnership.

Accordingly, since the three-year statute of limitations contained in Partnership Law § 121-607 (c) is applicable to the instant claims and it is uncontested that none of the claims falls within the three-year period of limitations, defendants' motions to dismiss the complaints on that ground should have been granted. In light of the foregoing, it is unnecessary to reach defendants' remaining points. Concur—Mazzarelli, J.P., Andrias, Sullivan, McGuire and Malone, JJ.