**In re Steven and Barbara YOUNG, Debtors.**

**RANDS, LLC, Plaintiff,**

v.

**Steven and Barbara Young, Defendants.**

**Bankruptcy No. 07–16194 (RTL).**
**Adversary No. 07–2009 (RTL).**

United States Bankruptcy Court, D. New Jersey.

Feb. 14, 2008.

Arthur H. Miller, Esq., Miller, Miller & Tucker, P.A., (for the Plaintiff, RANDS, LLC).

Meaghan Tuohey–Kay, Esq., Trenk, DiPasquale, Webster, Della Fera & Sodono, P.C. (for the Defendants, Steven and Barbara Young).

## OPINION

RAYMOND T. LYONS, Bankruptcy Judge.

### INTRODUCTION

The Plaintiff, RANDS, LLC, seeks to have certain claims arising from a series of disbursements made to the Defendants from the LLC found non-dischargeable. The Defendants moved to dismiss arguing the majority of the Plaintiff's claims are time barred by a three-year statute of limitations which applies to distributions made to members of an LLC.

This court finds the Defendants' argument unpersuasive. The disbursements of funds at issue were not distributions but alleged misappropriations by a member of the LLC. Such transactions are of a different nature and character from one another, and the latter is not subject to the three-year statute of limitations. Alternatively, if the statute of limitations did apply, Plaintiff has argued that it has not run due to the discovery rule and that it is equitably tolled because Defendants concealed their actions. These arguments cannot be decided without resolving disputed material facts. Thus, the Defendants failed to meet their burden of showing no genuine issue of material fact exists; therefore, summary judgment is denied.

### JURISDICTION

■ This court has jurisdiction of this adversary proceeding under 28 U.S.C. § 1334(b), 28 U.S.C. § 157(a), and the Standing Order of Reference by the United States District Court for the District of New Jersey dated July 23, 1984, referring all proceedings related to a case under title 11 of the United States Code to the bankruptcy court. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) because the Plaintiff seeks to have the court determine the dischargeability of particular debts, as well as 28 U.S.C. § 157(b)(2)(J) because the Plaintiff is objecting to the Debtors' discharge.

### FINDINGS OF FACT AND PROCEDURAL HISTORY

In November 2000, Ronald Tedesco ("Tedesco") and Steven Young ("Young"), the debtor-defendant in this case, formed RANDS, LLC ("Rands") with the intention of purchasing vacant land, developing and building luxury homes on the property, and selling these homes for a profit.[1] A bare-bones operating agreement was signed by Tedesco and Young on November 6, 2000. This agreement gave each individual a fifty percent ownership interest in the limited liability company.[2]

While both men had an equal interest in Rands, their roles within the company were very different. Tedesco served primarily as an investor. Both Tedesco and Young provided initial capitalization during

---

1. Rands purchased property in Manalapan, New Jersey for development. This property was eventually subdivided into seven lots with the intention of building single family homes on each lot.

2. The operating agreement entered into by the parties was just over one page in length and provided limited details as to the operations of the LLC and the role of either member beyond stating:

> The Members, Steven Young and Ronald Tedesco, shall have full and complete authority, power, and discretion to manage and control the business, affairs and properties of the Company, to make all decisions regarding those matters ant to perform any and all other acts or activities customary or incident to the management of the Company's business.

RANDS, LLC Operating Agreement, Exhibit R at ¶ 2, Docket No. 07–2009, Doc. 12–3, Dec. 11, 2007.

Rands' first year of operation, but Tedesco alone continued to make capital contributions to maintain the viability of the fledgling company. Tedesco's contributions eventually increased to over $800,000 with no additional contributions from Young. Young's role was more in the capacity of a managing member with respect to the operations and financial affairs of the company, controlling the books and records and supervising tax return preparation.

In June 2006, Tedesco filed a lawsuit in New Jersey Superior Court against Young, his wife Barbara, and their company Design Dynamics, LLC. Among the allegations in Tedesco's complaint was that Young misappropriated funds from Rands by withdrawing large sums of money to pay personal expenses and fund his other company. However, on May 3, 2007, prior to the entry of judgment in superior court, the Youngs filed a voluntary chapter 7 petition.[3]

On August 10, 2007, Rands initiated an adversary proceeding in this court. Rands objected to the Youngs' discharge and sought to determine the dischargeability of debts owed by the Youngs arising from alleged misappropriations of company funds between 2001 and 2005.[4] The Youngs filed an answer on September 24, 2007, and a motion to dismiss as to Counts Three and Four of the complaint on December 11, 2007. The factual bases of these counts are essentially the same as the basis of the lawsuit in superior court. Rands claims Young misappropriated funds for the personal benefit of himself and his wife and argues such actions falls

within the § 523(a)(4) exception to discharge for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

## DISCUSSION

### I. PROCEDURAL ISSUE

#### A. 12(b)(6) Motion to Dismiss Standard

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted". FED. R.CIV.P. 12(b)(6). "The rule seeks to screen out claims for which there is clearly no remedy, or where the plaintiff has no right to assert." *K.J. v. Div. of Youth & Family Servs.*, 363 F.Supp.2d 728, 737 (D.N.J.2005).

A pleading is deemed sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief". FED.R.CIV.P. 8(a)(2). "Specific facts are not necessary;" the statement need only "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, —— U.S. ——, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (quoting *Bell Atl. Corp. v. Twombly*, —— U.S. ——, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957))). "[A] judge must accept as true all the factual allegations contained in the complaint." *Id.* (quoting *Twombly*, 127 S.Ct. at 1965). To determine whether this requirement is met, the court must decide

---

**3.** Pursuant to the operating agreement and New Jersey law, Young ceased to be a member of Rands upon filing bankruptcy. *See* N.J. STAT. ANN. § 42:2B–24(a)(3)(a) (West 2007); Rands, LLC Operating Agreement, Exhibit R at ¶ 5, Docket No. 07–2009, Doc. 12–3, Dec. 11, 2007. However, Young retained the

rights of an assignee. *See* N.J. STAT. ANN. § 42:2B–24.1 (West 2007).

**4.** Tedesco filed an amended complaint on September 11, 2007, which eliminated Count Two from the original complaint but otherwise remained generally unaltered.

whether the complaint plead "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 127 S.Ct. at 1974. This requires the plaintiff to do more than provide "a formulaic recitation of the elements of a cause of action." *Id.* at 1965. In order to meet the standard, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*

All well-pleaded allegations must be accepted by the court as true and should be viewed in the light most favorable to the non-moving party. *Evancho v. Fisher,* 423 F.3d 347, 351 (3d Cir.2005). The burden falls on the moving party to show no claim was presented. *Hedges v. United States,* 404 F.3d 744, 750 (3d Cir.2005). In making a determination, the court may consider all facts in the pleadings, exhibits, and matters of judicial notice, such as public records. *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group, Ltd.,* 181 F.3d 410, 426 (3d Cir.1999).

### B. Conversion of 12(b)(6) Motion to Dismiss to Summary Judgment

■ Federal Rule of Civil Procedure 12(b)(6) states if "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided by Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." FED. R.CIV.P. 12(b)(6). "Generally, in ruling on a motion to dismiss, a . . . court relies on the complaint, attached exhibits, and matters of public record." *Sands v. McCormick,* 502 F.3d 263, 268 (3d Cir.2007). Therefore, if the moving party presents or uses materials not contained in the four corners of the plaintiff's complaint, and the court relies on such materials, the summary judgment standard should be used.

*Garlanger v. Verbeke,* 223 F.Supp.2d 596, 606 n. 4 (D.N.J.2002). Such a determination is left to the discretion of the court, but the parties must be given adequate notice of the conversion. *Id.*

■ Additionally, courts typically finds affirmative defenses, such as a statute of limitations defense, must be asserted in an answer and are not permitted to be raised by a Rule 12(b) motion. *Robinson v. Johnson,* 313 F.3d 128, 135 (3d Cir.2002). However, the Third Circuit has held a limitations defense may be raised by a Rule 12(b) motion "but only if 'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.' " *Id.* (quoting *Hanna v. U.S. Veterans' Admin. Hosp.,* 514 F.2d 1092, 1094 (3d Cir. 1975)). *See also, e.g., Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1385 n. 1 (3d Cir.1994) ("While the language of Fed.R.Civ.P. 8(c) indicates that a statute of limitations defense cannot be used in the context of Rule 12(b)(6) motion to dismiss, an exception is made where the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading."). The bar date must be apparent from the face of the complaint in order for Rule 12(b)(6) dismissal to be permitted. *Id.*

■ The basis of the Youngs' motion is that Rands' claims are time barred by the expiration of the three-year statute of limitations in N.J.S.A. 42:2B–42(c). Thus, the motion to dismiss arises from an affirmative defense based on the alleged expiration of this statute of limitations.

As discussed, such determinations can only be made on a motion to dismiss if the expiration of the limitations period is apparent from the face of the pleadings. While it may be possible to determine the present case based solely on the pleadings,

this court finds the summary judgment standard is a more appropriate mechanism for making the determination. The applicability of N.J.S.A. 42:2B–42(c) is a matter of law but requires the court to consider the character of the transactions at issue and the relationships of the parties. The court finds the determination of the validity of such a defense, where the issues related to the time bar are not cut and dry, would be more effectively adjudicated pursuant to the heightened summary judgment standard. The parties were notified at the hearing on this matter that the court would treat the motion as one for summary judgment.

### C.   Summary Judgment Standard

A court may grant summary judgment under Federal Rule of Civil Procedure 56(c) "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. PROC. 56(c).

The moving party bears the initial burden of proving there is no genuine issue of material facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once this showing is made, the burden shifts to the nonmoving party to set forth specific facts and make an affirmative showing that a genuine issue of material fact exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The evidence produced must be of sufficient quantum and quality to allow a rational and fair-minded fact finder to return a verdict in favor of the nonmovant. *Id.* at 253–54, 106 S.Ct. 2505. All justifiable inferences should be drawn in favor of the nonmoving party. *Id.* at 255, 106 S.Ct. 2505.

Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322, 106 S.Ct. 2548. However, summary judgment is considered a drastic remedy and should not be granted where any doubt exists as to the facts of the case. *Tomalewski v. State Farm Life Ins. Co.*, 494 F.2d 882, 884 (3d Cir.1974).

Here, Rands' amended complaint sets forth several causes of action; however, only Counts Three and Four are being considered for the purpose of this motion. Count Three alleges Young diverted funds while acting in a fiduciary capacity and that Young owes such funds to Rands as a debt. Rands argues this debt is not dischargeable pursuant to 11 U.S.C. § 523(a)(4) for fraud or defalcation while acting in a fiduciary capacity. Count Four presents similar allegations that also incorporate the actions of the other defendant, Barbara Young, and asserts that these debts should be exempt from discharge pursuant to 11 U.S.C. § 523(a)(4) for defalcation and/or embezzlement and/or larceny.

### II.   APPLICABILITY OF N.J.S.A. 42:2B–42(c)

■  The Youngs seek to dismiss Counts Three and Four of Rands' complaint. The Youngs argue the transfers of money made by Young from Rands were not unauthorized misappropriations but distributions made to Young as a member of the LLC. The Youngs claim no basis exists for finding distributions made prior to August 9, 2004 are non-dischargeable because such transactions occurred outside of the three-year statute of limitations period estab-

lished by N.J.S.A. § 42:2B–42(c),[5] governing the liability of LLC members for distributions received from the company. Due to the expiration of the statute of limitations, the Youngs assert these particular transactions may not be challenged by Rands as they represent valid distributions by a member of the LLC, not debts owed.[6] This court disagrees with the Youngs' attempt to style such transfers as distributions. Rands' allegations of the unauthorized taking of property by Young do not fall within the definition of distribution and should instead be classified as alleged misappropriations of funds by a member of the LLC. While the basic act at issue may be the same—the taking of money from the LLC—the nature of these transfers is different.

A distribution is defined as "[t]he giving out or division among a number, sharing or parceling out, allotting, dispensing, apportioning." BLACK'S LAW DICTIONARY 475 (6th ed.1990). Independent definitions exist for corporate and partnership distributions. In the corporate context, a distribution is "[a] direct or indirect transfer of money or other property (except its own shares) or incurrence of indebtedness by a corporation to or for the benefit of its shareholders in respect of any of its shares." *Id.* A partnership distribution is defined as "[a] payment by a partnership to a partner. The payment may be in the form of cash or property." *Id.* However, no definition is provided for a LLC distribution, nor does the New Jersey Limited Liability Company Act (LLCA) provide a definition. N.J. STAT. ANN. 42:2B–1 to—70 (West 2007).

The typical nature of a distribution is the distribution of profits or the return of capital. Not all transactions between a company and a member involving money will be considered distributions. Many circumstances exist in which payments are made to a member of an LLC but do not fall within the parameters of this definition, for example:

- the payment of a salary to a member in his or her capacity as an employee;
- the payment of rent to a member in his or her capacity as a landlord;
- the payment of the purchase price of an item to a member in his or her capacity as a seller;
- the repayment of principal and interest on a loan made by a member to the LLC in his or her capacity as a lender; and
- the reimbursement of a member for expenses advances on behalf of the LLC.

These transactions are very different from distributions as they have been described above. In each circumstance, the individual is not receiving funds on account of being a member of the LLC but in another capacity.

Likewise, the transfers at issue here are different. Rands' allegations boil down to a few basic claims: Young made misrepresentations in the company's records, money was paid to Young for the benefit of the LLC and not deposited, and Young used company funds for personal expenses. While these claims remain unproven against Young, the nature of the allega-

---

**5.** "Unless otherwise agreed, a member who receives a distribution from a limited liability company shall have no liability under this act or other applicable law for the amount of the distribution after the expiration of three years from the date of the distribution...." N.J. STAT. ANN. § 42:2B–42(c) (West 2007).

**6.** Alternatively, the Youngs argue § 523(a)(4) is inapplicable because Young did not serve in a fiduciary capacity to Rands.

tions are different than a distribution. What occurred was an alleged misappropriation of funds by a member for personal use. This is distinguishable from the examples of distributions provided above, such as the payment of profits to a member. If no distribution took place, the Youngs' argument that Rands' claims are time barred by N.J.S.A. 42:2B–42 is without merit because this statute explicitly governs liability as to distributions.

■ Additionally, this statute is not meant to apply to legal transactions when the relationship of the individual is not as a member. Here, if Young was misappropriating funds for personal use, he was not receiving the funds in his capacity as a member of the LLC. Support for this conclusion can be found in the New Jersey Partnership Act. While courts have found that the Act is not intended to apply to LLC law, *Kuhn v. Tumminelli*, 366 N.J.Super. 431, 439, 841 A.2d 496 (App. Div.2004), consultation of it on this issue is informative because of the similarities between the LLC and partnership forms.[7] Since the LLC is a relatively new entity that functions as a hybrid of a corporation and partnership, reference to more established forms provides essential guidance in making determinations regarding LLCs. *Id.* The New Jersey Partnership Act defines a distribution as "a transfer of money or other property from a partnership to a partner in the partner's *capacity* as a partner or to the partner's transferee." N.J. STAT. ANN. § 42:1A–2 (West 2007) (emphasis added). For our purposes, the key word in this definition is capacity. Here, the funds were allegedly taken for the unauthorized personal use of the Youngs. By taking the money for personal use Young was not acting on the behalf or for the benefit of the LLC but in a self-interested manner. Thus, he could not be acting in his capacity as a member of the LLC.

The Youngs attempt to apply a much broader meaning to the term distribution, arguing that any transfer, whether rightful or wrongful, if made to a member of the LLC is a distribution. Thus, the Youngs define a distribution as *any money* taken out of the LLC by or for a member of the LLC. In support of this definition, the Youngs primarily rely on *O'Connell v. Shallo (In re Die Fliedermaus, LLC)*, 323 B.R. 101 (Bankr.S.D.N.Y.2005). In that case, the trustee was pursuing avoidance actions against the members of the LLC based on distributions paid by the members to themselves while the LLC was insolvent. *Id.* at 104–05. The trustee argued such actions were fraudulent conveyances pursuant to §§ 548 and 544(b) of the Bankruptcy Code and violated New York Debtor Creditor Law. *Id.* at 105. The trustee also alleged the defendants' actions breached their fiduciary duties to the LLC in a variety of ways and that the distributions were made in violation of the LLC's operating agreement. *Id.*

The defendants sought dismissal of the trustee's complaint on several grounds including that New York Limited Liability Company Law (N.Y. LLCL) was applicable and that certain claims of the trustee were barred by the law's three-year statute of limitations for wrongful distributions made to members.[8] *Id.* The court agreed

---

7.  While *Kuhn* is being cited for this proposition, the case coincidentally deals with embezzlement. In *Kuhn*, two individuals were fifty percent members in an LLC. 366 N.J.Super. at 436, 841 A.2d 496. One member began diverting funds out of the LLC checking account for personal use. *Id.* Such circumstances are precisely what is alleged to have happened here.

8.  NY LLCL Section 508(c) states:

    Unless otherwise agreed, a member who receives a wrongful distribution from a lim-

and held the N.Y. LLCL three-year statute of limitations barred the trustee's avoidance causes of action. *Id.* at 109. Despite the fact that a court-appointed examiner in the bankruptcy case found the LLC was operating at a loss from 1997 to 2001, which proved the payments were made when the company was insolvent, the statute of limitations shielded the members who received the payments from liability. *Id.* at 104, 107–08. It is relevant to note that this determination by the court did not resolve Count Two of the trustee's complaint which alleged the defendants' breached their fiduciary duties. The court addressed this count separately from the statute of limitations issue. *Id.* at 110–11.

The Youngs' reliance on this case, given the circumstances at issue here, is misplaced. While the court in *Die Fliedermaus* held the three-year statute of limitations barred the trustee's avoidance causes of action, in order to come to that conclusion the court must have found such payments were wrongful distributions under the statute. *Id.* at 107–08. Without reaching this conclusion, the court could not have found Section 508(c) applied. The types of payments made in *Die Fliedermaus* are distinguishable from the types of payments in this case. In *Die Flieder-*

*maus,* no allegation of embezzlement was made. Instead, it was argued the funds should not have been distributed to the defendants because the LLC was insolvent at the time of the payments. This claim is different in nature than the allegations of embezzlement and misappropriation of funds at issue here. Thus, the Youngs attempt to analogize the present case to *Die Fliedermaus* is unpersuasive as they have failed to meet the initial hurdle of proving the payments made in this case were distributions.

■ Further support for this distinction comes from the fact that the New York court treated Count Two, relating to the defendants' breach of fiduciary duties, separate from the wrongful distribution statute of limitations issue. This demonstrates that the New York court recognized that the taking of money in violation of one's fiduciary duties was not a distribution subject to the three-year statute of limitations. Similarly, the transactions here were not distributions. Whether Young had a fiduciary obligation to the LLC is irrelevant.[9] The character of the transactions in this case, like the cause of action in Count Two in *Die Fliedermaus,* makes it different from a distribution.

ited liability company shall have no liability under this article or other applicable law for the amount of the distribution after the expiration of three years from the date of the distribution.
N.Y. LLC Law § 508(c) (McKinney 2007).

9. NY LLCL explicitly imposes fiduciary duties on managers of LLCs:
A manager shall perform his or her duties as a manager, including his or her duties as a member of any class of managers, in good faith and with that degree of care that an ordinarily prudent person in a like position would use under similar circumstances.
N.Y. LLC Law § 409(a) (McKinney 2007). This standard is the same as the standard applied to corporate directors. *Die Flieder-*

*maus,* 323 B.R. at 110. New Jersey law has no comparable provision. However, in breach of fiduciary duty causes of action New Jersey applies a six-year statute of limitations. *Levitt v. Riddell Sports, Inc. (In re MacGregor Sporting Goods, Inc.),* 199 B.R. 502, 512 (Bankr.D.N.J.1995); N.J. Stat. Ann. § 2A:14–1 (West 2007). Some debate exists as to whether common law imposes fiduciary duties on members of LLCs in New Jersey. Such a determination is beyond the scope of the present case; however, based on its rationale in a prior decision, *Casini v. Graustein (In re Casini),* 307 B.R. 800 (Bankr.D.N.J.2004), this court believes a member of an LLC does not fall within the meaning of fiduciary as utilized in § 523(a)(4). *See id.* at 819–20.

Thus, the three-year statute of limitations does not apply.

## III. ALTERNATIVE GROUNDS FOR DENYING SUMMARY JUDGEMENT

■ If the three-year statute of limitations were to apply, Rands argues its cause of action may still proceed because it was subject to the discovery rule and equitable tolling.

■ The discovery rule mandates that "the limitations period does not commence until the injured party actually discovers or should have discovered through reasonable diligence the fact essential to the cause of action." *R.A.C. v. P.J.S.*, 192 N.J. 81, 98, 927 A.2d 97 (2007). Equitable tolling applies in certain limited circumstances where the wrongful conduct of one party warrants tolling the running of the statute of limitations period. *Id.* at 100, 927 A.2d 97. An example of such conduct would be "where 'the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'" *Freeman v. State*, 347 N.J.Super. 11, 31, 788 A.2d 867 (App.Div.2002) (quoting *Dunn v. Borough of Mountainside*, 301 N.J.Super. 262, 280, 693 A.2d 1248 (App.Div.1997)). "State common law tolling doctrines are incorporated by 11 U.S.C. § 108 and are, therefore, applicable in bankruptcy proceedings." *Levitt v. Riddell Sports, Inc. (In re MacGregor Sporting Goods, Inc.)*, 199 B.R. 502, 513 (Bankr.D.N.J.1995).

Even if the court were to find that the three-year statute of limitations applied in this case, disputed facts exists that may lead to the statute being delayed or tolled because Rands alleges Young concealed his misappropriations. Summary judgment could not be granted without determining if these doctrines apply. Thus, it would be appropriate to deny summary judgment, regardless of the application of the statute of limitations, in order to make the necessary factual determinations.

## IV. 11 U.S.C. § 523(a)(4)

■ Section 523 lists types of debts which are non-dischargeable. Section 523(a)(4) provides that "this title does not discharge an individual debtor from any debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny". 11 U.S.C. § 523(a)(4) (Supp. 2005).

■ The parties disagree on whether Young was acting in a fiduciary capacity so as to trigger § 523(a)(4). However, the allegations set forth appear to be consistent with proving embezzlement. For purposes of § 523(a)(4), embezzlement is defined under federal common law. *Maha v. Ardolino (In re Ardolino)*, 298 B.R. 541, 545 (Bankr.W.D.Pa.2003). The elements required to establish embezzlement are:

(1) appropriation of funds for the [individual's] own benefit by fraudulent intent or deceit; (2) the deposit of the resulting funds in an account accessible only to the [individual]; and (3) the disbursal or use of the funds without explanation of reason or purpose.

*Id.* at 545–46 (quoting 4 Collier on Bankruptcy ¶ 523.10[2] (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev.2007)).

Rands alleges the Youngs wrote checks for their personal use and deposited those checks into personal bank accounts without the permission or knowledge of Tedesco, the other member of the LLC. Rands also alleges that certain debts owed to the LLC were repaid to Young and not deposited into the company's bank account. Rands' complaint provides a list of specific incidents when this type of action allegedly occurred. The court is satisfied that Rands adequately set forth its position pursuant to § 523(a)(4) and provided spe-

cific facts to support a non-dischargeability cause of action for embezzlement. Therefore, it is not necessary for the court to address the fiduciary capacity issues.

### CONCLUSION

The court is satisfied that Rands adequately set forth its position pursuant to 11 U.S.C. § 523(a)(4) and provided specific facts to support non-dischargeability. The Youngs failed to meet their burden of showing no genuine issue of material fact exists because their argument that Rands' claims are time barred based on a three-year statute of limitations under N.J.S.A. 42:2B–42(c) is without merit. This statute is not applicable in the current case because the disbursements at issue were not distributions. Even if the statute of limitations applied, factual issues must be resolved to address Rands' arguments that the discovery rule or equitable tolling preclude the statute from having run. Thus, the Youngs' motion for summary judgment as to Counts Three and Four is denied.