*930 OPINION OF THE COURT
Edward H. Lehner, J.
Before the court is a motion by defendant to dismiss the complaint pursuant to CPLR 3211 (a) (5), (7) and 3016 (b). Plaintiffs complaint asserts five causes of action. Four are based on an asserted fraudulent conveyance pursuant to Debtor and Creditor Law §§ 273, 273-a, 276 and 276-a. A fifth cause of action is premised on a claim of unjust enrichment.
The dispositive issue before the court is whether the monies withdrawn by defendant on August 8, 2005 from Fulcrum Global Partners, LLC, a Delaware limited liability company, of which defendant was the sole managing member, constitute a distribution for purposes of determining whether plaintiffs claims are time-barred by the three-year statute of limitations. Plaintiffs claims are premised on the allegation that defendant’s withdrawal was not a distribution, but rather a misappropriation of company funds subject to the six-year statute of limitations imposed for common-law fraud or fraud under the Debtor and Creditor Law.
Background
Plaintiff was hired as a stockbroker by Fulcrum in July 2001. While employed he made two capital investments in Fulcrum: $150,000 in July 2001 and $50,000 in January 2002. In July 2003, plaintiffs at-will employment was terminated. Pursuant to the terms of Fulcrum’s operating agreement, plaintiff was entitled to repayment of his membership units in an amount equal to the unit book value of such units within one year from the date of his termination. On June 1, 2004, plaintiff instituted an action against Fulcrum, defendant and Harry Needleman (former chief operating officer and general counsel to Fulcrum) to recover his capital investment. In that action, the parties were directed by former Justice Cahn to resolve the dispute by arbitration, which resulted in an award in favor of plaintiff against Fulcrum for $150,000, plus interest. That award was confirmed by Justice Cahn and resulted in a judgment in plaintiffs favor against Fulcrum for $150,000, plus interest of $52,557.53. All claims brought against the defendant and Needleman in that matter were dismissed, with prejudice, pursuant to the judgment entered in this court on November 23, 2007. Plaintiff has not recovered any monies to satisfy any portion of that judgment.
Defendant was a founding member and chief executive officer of Fulcrum (Needleman aff H 1) and contributed over $5.7 mil *931 lion in capital to it, of which $2.7 million was invested after plaintiff instituted his original lawsuit. (Id. H 7.) On August 8, 2005, also after plaintiff filed said action, defendant withdrew $300,000 of his capital investment from Fulcrum in order to purchase a cooperative apartment. (Id.; Petrycki aff, exhibit A.) Fulcrum has not engaged in any business since July 31, 2006 and defendant has purportedly suffered a substantial loss of his invested capital (id. 1i 7).
Plaintiff alleges that: defendant inappropriately withdrew $300,000 of his capital investment (complaint 1i 17); defendant did so without concern for Fulcrum’s creditors (id. 1Í19) and for no consideration (id. If 20); defendant’s withdrawal rendered Fulcrum insolvent and without assets to satisfy the judgment against it (id. If 21); the three-year limitation periods set forth in New York Limited Liability Company Law § 508 (c) and the Delaware Limited Liability Company Act (DLLCA) (Del Code Ann tit 6) § 18-607 (c) are inapplicable because defendant did not receive a distribution, but rather, inappropriately withdrew company funds (plaintiffs mem of law at 2); such a withdrawal is a misappropriation of funds rather than a distribution because defendant was not acting in his official capacity as a member of Fulcrum as he did not have authorization for the withdrawal and the monies withdrawn were for personal use (id. at 5-6); and such withdrawal constitutes a fraudulent conveyance subject to a six-year statute of limitations.
Defendant acknowledges that he withdrew $300,000 of his capital investment in August 2005, but contends: that such withdrawal constitutes a distribution under both Limited Liability Company Law § 102 (i) and the DLLCA; that liability for such a distribution is limited by the aforesaid three-year statutes of repose; and that the three-year period has expired, thus making plaintiffs causes of action time-barred.
Discussion
On a motion to dismiss pursuant to CPLR 3211, the pleadings should be liberally construed, the facts alleged by the plaintiff should be accepted as true, and all inferences should be drawn in the plaintiffs favor. (Leon v Martinez, 84 NY2d 83 [1994].) However, “[allegations consisting of bare legal conclusions . . . are not presumed to be true and accorded every favorable inference.” (Biondi v Beekman Hill House Apt. Corp., 257 AD2d 76, 81 [1st Dept 1999] [internal quotation marks omitted], affd 94 NY2d 659 [2000].)
Section 508 (c) of the Limited Liability Company Law provides that a “member who receives a wrongful distribution from a *932 limited liability company shall have no liability under this article or other applicable law for the amount of the distribution after the expiration of three years from the date of the distribution.” Similar to the Limited Liability Company Law, the DLLCA also imposes a three-year limit to member liability for a distribution by a limited liability company, as section 18-607 (c) provides:
“Unless otherwise agreed, a member who receives a distribution from a limited liability company shall have no liability under this chapter or other applicable law for the amount of the distribution after the expiration of 3 years from the date of the distribution unless an action to recover the distribution from such member is commenced prior to the expiration of the said 3-year period and an adjudication of liability against such member is made in the said action.”
The three-year time limitation imposed by section 508 (c) overrides the limitation period applicable to any claim brought under the Debtor and Creditor Law with regard to distributions made by a limited liability company to a member. (In re Die Fliedermaus LLC, 323 BR 101, 108 [SD NY 2005] [“(I)t was the intent of the New York Legislature that claims under the DCL and contractual claims for the recovery of distributions be preserved, but only as limited by § 508 (c)”]; Williamson v Culbro Corp. Pension Fund, 41 AD3d 229 [1st Dept 2007], lv denied 10 NY3d 702 [2008] [holding the nearly identical statute of limitations governing limited partnerships (Partnership Law § 121-607) was intended to override the limitations statutes of all other applicable law, including that applicable to a claim of unjust enrichment].)*
Section 102 (i) of the Limited Liability Company Law defines a “distribution” as “the transfer of property by a limited liability company to one or more of its members in his or her capacity as a member.” A member is defined in section 102 (q) as:
*933 “a person who has been admitted as a member of a limited liability company in accordance with the terms and provisions of this chapter and the operating agreement and has a membership interest in a limited liability company with the rights, obligations, preferences and limitations specified under this chapter and the operating agreement.”
Plaintiff argues that the monies withdrawn by defendant were not a distribution because he inappropriately withdrew the money from the company account and then deposited it into his personal account. For this position, plaintiff primarily relies upon a bankruptcy case (In re Young, 384 BR 94 [D NJ 2008]) that construed a similar New Jersey limited liability company statute. The New Jersey statute, like the Delaware statute, does not contain a definition for the term “distribution,” and is otherwise similar to the Limited Liability Company Law. In re Young is distinguishable from the instant case because the defendant there did not assert that the money he received was a return of his capital contribution, the court stating that the claims against defendant there were for “embezzlement and misappropriation of funds” (id. at 103), as money “was paid to [defendant] for the benefit of the LLC and not deposited, and [he] used company funds for personal expenses” (id. at 101). Furthermore, In re Young states “[t]he typical nature of a distribution is the distribution of profits or the return of capital” (id. at 101 [emphasis added]). In his own complaint, plaintiff alleges that defendant’s withdrawal was a return of his capital investment (IN 17-21). Thus, plaintiffs reliance on In re Young for support here is misplaced and, in fact, contradicts his claims.
Plaintiff also asserts that the withdrawal is not a distribution pursuant to the Limited Liability Company Law because section 102 (i) thereof requires that the transfer of property from an LLC to a member must be made to a member “in his or her capacity as a member.” Plaintiff makes an unsupported claim that defendant was not acting in his capacity as a member of Fulcrum when he transferred to himself a return of a portion of his invested capital because the funds were used for a personal purchase and were withdrawn without authority. Pursuant to section 2.6 of the operating agreement dated January 1, 2001 and section 3.7 of the operating agreement dated March 1, 2001, all members have the right to request a return of invested capital, subject to the approval of the managing member. The operating agreements do not provide for any additional *934 procedures when a managing member seeks a return of capital. Thus, defendant received a return of a portion of his capital in his capacity as a member as only members have the ability to receive a return of invested capital.
Conclusion
The return to defendant of $300,000 of his invested capital was a distribution pursuant to Limited Liability Company Law § 102 (i) and the DLLCA, and consequently is subject to the three-year limitation period set forth in both section 508 (c) of the Limited Liability Company Law and section 18-607 (c) of the Delaware Limited Liability Company Act. Hence, plaintiffs causes of action are time-barred as the distribution occurred more than three years prior to the institution of this action. Accordingly, defendant’s motion is granted, and the clerk shall enter judgment dismissing the complaint.

 Section 801 (a) of the Limited Liability Company Law provides that “the laws of the jurisdiction under which a foreign limited liability company is formed govern its organization and internal affairs and the liability of its members and managers.” This is similar to the New York statute governing foreign limited partnerships (Partnership Law § 121-901). Without deciding which state’s law governs the application of the statute of limitations, the court finds no Delaware cases contrary to the aforesaid authority applying New York law, and thus will assume in deciding this motion that a Delaware court would come to a conclusion similar to that arrived at herein.