

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-16-2008

# Jacquelyn N'Jai v. Homer Floyd

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2366

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Jacquelyn N'Jai v. Homer Floyd" (2008). *2008 Decisions.* Paper 356.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/356

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2366
_____

JACQUELYN N'JAI,
                                                                Appellant
                              vs.

MR. HOMER C. FLOYD; STEPHEN A. GLASSMAN; RAQUEL OTERODE
YIENGST; ROBERT FLIPPING; MICHAEL HARDIMAN; MANUEL B. ZUNIGA, Jr.;
WILKINSBURG SCHOOL DISTRICT; PA HUMAN RELATIONS COMMISSION,
Pittsburgh, PA; HUMAN RELATIONS COMMISSION, Harrisburg, PA; EQUAL
OPPORTUNITY COMMISSION, Pittsburgh; PITTSBURGH BOARD OF PUBLIC
EDUCATION; SUE GOODWIN

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 07-cv-1506)
District Judge:  Honorable Nora Barry Fischer

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 30, 2008
Before:  SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges

(Filed: October 16, 2008)
_____

OPINION
_____

1

PER CURIAM.

Jacquelyn N'Jai, proceeding pro se, appeals the April 4, 2008 order of the United States District Court for the Western District of Pennsylvania dismissing her complaint with prejudice for failure to prosecute. See Fed. Rule of Civ. Pro. 41(b). We will summarily vacate the District Court's order and remand for further proceedings.

In a series of orders entered on March 3 and March 5, 2008, the District Court granted in part and denied in part the defendants' motions to dismiss. In particular, the District Court dismissed the majority of J'Nai's claims with prejudice. But, concluding that J'Nai's complaint "lack[ed] clarity" and "sufficient detail," the District Court in part disposed of the motions to dismiss without prejudice, granting J'Nai leave to amend her complaint on or before April 3, 2008. See Phillips v. County of Allegheny, 515 F.3d 224 (3d Cir. 2008) (discussing Fed. R. Civ. P. 8's pleading standards in light of Bell Atlantic Corp. v. Twombly, – U.S. –, 127 S.Ct. 1955 (2007)). J'Nai failed to file an amended complaint. The District Court dismissed the action for failure to prosecute on April 4, 2003.

We review the District Court's order for abuse of discretion. See Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002). "While we defer to the District Court's discretion, dismissal with prejudice is only appropriate in limited circumstances and doubts should be resolved in favor of reaching a decision on the merits." Id. We have emphasized that "dismissal is a drastic sanction and should be reserved for those

2

cases where there is a clear record of delay or contumacious conduct by the plaintiff." Donnelly v. Johns-Manville Sales Corp., 677 F.2d 339, 342 (3d Cir. 1982).

Before entering a punitive dismissal, the District Court is required to make explicit findings regarding the factors enumerated in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 869 (3d Cir. 1984). See Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987); see also United States v. $8,221,877.16 in U.S. Currency, 330 F.3d 141, 161 (3d Cir. 2003) ("We have opined that [the Poulis factors] must be weighed by a District Court in determining whether the harsh sanction of dismissal is justified."). The Poulis factors that the District Court must consider are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders . . .; (3) a history of dilatoriness; (4) whether the conduct of the party . . . was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

Poulis, 747 F.2d at 868.

This Court's function is to determine whether the District Court properly balanced the Poulis factors and whether the record supports its findings. See Livera v. First Nat. State Bank of New Jersey, 879 F.2d 1186, 1194 (3d Cir. 1989) (citing Hicks v. Feeney, 850 F.2d 152 (3d Cir.1988)); see also Emcasco, 834 F.2d at 74 (noting that "[i]n order that we may properly exercise our function of reviewing for abuse of discretion, we have [] required the district court to make explicit findings concerning the factors it must

3

consider in rendering judgment by . . . dismissal"). Here, however, the District Court did not conduct any Poulis analysis. We thus conclude that the District Court erred in dismissing N'Jai's complaint without making the requisite findings. Livera, 879 F.2d at 1193. Given the record presented, we will forego the opportunity to conduct our own Poulis test as it would require factual findings not within the parameters of our review. See id. at 1194.

By failing to conduct a Poulis balancing test, the District Court abused its discretion; therefore, a remand to the District Court for consideration of the Poulis factors is necessary. See id. at 1188. Accordingly, we will summarily vacate the District Court's order entered April 4, 2008 and will remand the case to the District Court for further proceedings.[1]

---

[1] On remand, the District Court may wish to consider J'Nai's notice of appeal and her "Response . . . Regarding Frivolousness," filed in this Court on June 20, 2008, in which she alleges that she attempted to submit a timely motion for an enlargement of time in which to file her amended complaint. We express no opinion on the merit of this allegation or the evidence submitted in support of it.