**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 10-1062

_____

JACQUELYN N'JAI,
                              Appellant

v.

MR. HOMER C. FLOYD; STEPHEN A. GLASSMAN; RAQUEL OTERODE
YIENGST; ROBERT FLIPPING; MICHAEL HARDIMAN; MANUEL B. ZUNIGA,
JR.; WILKINSBURG SCHOOL DISTRICT; PA HUMAN RELATIONS
COMMISSION; HUMAN RELATIONS COMMISSION; EQUAL OPPORTUNITY
COMMISSION; PITTSBURGH BOARD OF PUBLIC EDUCATION; SUE GOODWIN;
JOSEPH TINDAL; LYNN BLACK; ROBERT SCHNEIDER; SHAWN DAVIS;
RANDY DAVIS; LAURA MANNELLA; CYNTHIA FLIGGER; DENIS WARHOLA;
STATE 10-1062 DEFENDANTS; WILKINSBURG 10-1062 DEFENDANTS

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 07-cv-1506)
District Judge:  Honorable Nora Barry Fischer

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 1, 2010

Before: BARRY, AMBRO and COWEN, Circuit Judges

(filed: July 8, 2010)

_____

OPINION

_____

PER CURIAM

Jacquelyn B. N'Jai, proceeding pro se, appeals orders of the United States District Court for the Western District of Pennsylvania dismissing her employment discrimination complaint. We will affirm.

I.

In November 2007, N'Jai filed a complaint, which she later amended, alleging that she was deprived "of her right to recover for deliberate and long-term discrimination from 1994-2006, thereby violating both federal and state law." She set forth claims under 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 1988; Title VII of the Civil Rights Act of 1964; the Americans with Disabilities Act ("ADA"); the Age Discrimination in Employment Act ("ADEA"); the Individuals with Disabilities Education Act ("IDEA"); the Freedom of Information Act ("FOIA"); the Pennsylvania Whistleblower Law; and the Pennsylvania Right to Know Act.[1] N'Jai named as defendants two of her previous employers, the Board of Public Education of the School District of Pittsburgh (the "Pittsburgh Board") and the Wilkinsburg School District ("Wilkinsburg"), several Wilkinsburg employees (the "Wilkinsburg Individuals"), as well as Anthony Sanchez, Esq. and the law firm of Andrews & Price ("the Attorney Defendants"), who had represented the Pittsburgh Board and Wilkinsburg in various lawsuits brought by N'Jai.

---

[1] The District Court also read N'Jai's complaints as raising claims relating to the Fifth and Sixth Amendments, as well as 42 U.S.C. §§ 1984 and 1987. We will not address such claims, however, because N'Jai does not appear to pursue them on appeal.

N'Jai also brought claims against the Pennsylvania Human Relations Commission and several of its employees (the "Commonwealth Defendants"), the Equal Opportunity Commission ("EEOC"), and Sue Goodwin. With the exception of the EEOC and Goodwin, who were not timely served with copies of the complaint, the defendants filed motions to dismiss. The District Court issued several opinions granting those motions.[2] N'Jai timely appealed.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's grant of the defendants' motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). See Phillips v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008). We accept as true all of the allegations contained in the complaints and draw reasonable inferences in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam). To survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to "'state a claim to relief that is plausible on its face'". Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U. S. 544, 570 (2007)). We may affirm the District Court on any basis supported by

---

[2] Previously, the District Court had dismissed the action for failure to prosecute. We vacated that Opinion and Judgment and remanded so the District Court could make explicit findings regarding the factors enumerated in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984). N'Jai v. Floyd, 296 Fed. App'x 266 (3d Cir. 2008). The District Court did so, concluding that punitive dismissal was appropriate. Because we conclude that N'Jai's claims are unpersuasive, we will not address whether that dismissal was an abuse of discretion.

the record.  See Fairview Twp. v. EPA, 773 F.2d 517, 525 n.15 (3d Cir. 1985).

III.

After a thorough review of the record and the appellate briefs, we conclude that the District Court properly dismissed N'Jai's claims.  At the outset, we note that the District Court properly rejected N'Jai's claims under 42 U.S.C. § 1988 and the IDEA.  See Kay v. Ehrler, 499 U.S. 432, 435 (1991) (recognizing that "a pro se litigant who is not a lawyer is not entitled to attorney's fees" under § 1988) (emphasis omitted); Florence County Sch. Dist. Four v. Carter, 510 U.S. 7, 13 (1993) (stating that the "IDEA was intended to ensure that children with disabilities receive an education that is both appropriate and free").  In addition, none of the defendants who was properly served with the complaint is subject to the Freedom of Information Act.  See 5 U.S.C. § 552(f)(1) (defining "agency," for purposes of disclosure, as including "any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency").  As to those defendants who are subject to Pennsylvania's Right to Know Act, the Eleventh Amendment barred the District Court from considering N'Jai's claims.  See Capital Cities Media, Inc. v. Chester, 797 F.2d 1164, 1176-77 (3d Cir. 1986).  The Eleventh Amendment also provided immunity to the Commonwealth Defendants, who were sued exclusively in their official capacities.  See Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144

4

(1993); Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989). We also agree with the District Court that, to the extent that N'Jai alleged cognizable Whistleblower Law claims based on her September 2005 discharge, those claims were time-barred. See 43 Pa. Cons. Stat. Ann. § 1424(a) (providing that a plaintiff alleging violation of the Law must bring action within 180 days after the occurrence of the alleged violation).

Furthermore, the Attorney Defendants are not liable under 42 U.S.C. §§ 1983, 1985, or 1986. See Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268, 277 (3d Cir. 1999) (holding that "[a]ttorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court"); Heffernan v. Hunter, 189 F.3d 405, 413 (3d Cir. 1999) (holding that actions taken by an attorney within the scope of the attorney-client relationship are not subject to a conspiracy charge under § 1985); Rogin v. Bensalem Twp., 616 F.2d 680, 696 (3d Cir. 1980) (stating that "transgressions of § 1986 by definition depend on a preexisting violation of § 1985"). N'Jai's claims against Wilkinsburg and the Wilkinsburg Individuals under §§ 1981, 1983, 1985, and 1986 are time-barred because they accrued, at the latest, in September 2005, when she was terminated from her job.[3] See McGovern v. City of Philadelphia, 554 F.3d 114, 120 (3d Cir. 2009) (holding "that 'the express cause of action for damages created by § 1983 constitutes the exclusive federal remedy for violation of the rights guaranteed

_____

[3] Although N'Jai's pleadings reference events that occurred after September 2005, it does not appear that any of those events form the basis for her claims.

5

in § 1981 by state governmental units'" (quoting Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 733 (1989))); Kost v. Kozakiewicz, 1 F.3d 176, 189-90 (3d Cir. 1993) (stating that Pennsylvania's two-year statute of limitations applies to § 1983 actions); Cito v. Bridgewater Twp. Police Dept., 892 F.2d 23, 25 (3d Cir. 1989) (recognizing that claims asserted under § 1986 are subject to a one year statute of limitations). Although N'Jai had several opportunities to amend her complaint, we see no "discernible factual basis" for her allegations that the Pittsburgh Board conspired to discriminate against her by providing negative employment references. Capogrosso v. Supreme Ct. of N.J., 588 F.3d 180, 184 (3d Cir. 2009) (per curiam). As noted by the District Court, N'Jai's claim was based solely on Wilkinsburg's failure to promote her after she listed the Pittsburgh Board as a reference for her teaching experience. She did not assert any facts related to the elements of a conspiracy claim. See Dique v. New Jersey State Police, 603 F.3d 181-89 (3d Cir.).

The Wilkinsburg Individuals cannot be held liable under Title VII, the ADA, or the ADEA. See Sheridan v. E.I. DuPont de Nemours and Co., 100 F.3d 1061, 1077 (3d Cir. 1996) (en banc) (holding that individual employees are not liable under Title VII); Koslow v. Pennsylvania, 302 F.3d 161, 178 (3d Cir. 2002) (noting that "there appears to be no individual liability for damages under Title I of the ADA"); Hill v. Borough of Kutztown, 455 F.3d 225, 246 n.29 (3d Cir. 2006) (stating that "the ADEA does not provide for individual liability"). Finally, the District Court properly dismissed N'Jai's

6

Title VII, ADA, and ADEA claims against Wilkinsburg because her failure to diligently seek a right-to-sue letter from the EEOC prejudiced Wilkinsburg's ability to defend against N'Jai's claims. See Brzozowski v. Correctional Physician Services, Inc., 360 F.3d 173, 181 (3d Cir. 2004).

IV.

For the foregoing reasons, we will affirm the judgment of the District Court.[4]

---

[4] N'Jai's motion to file supplemental reply briefs is granted.