NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2130
_____

SHAUN BROWN,
                                    Appellant

v.

MONTGOMERY COUNTY; SEAN PETTY, Individually And In His Official
Capacity As Supervisory For Emergency Services Of Montgomery County;
JAMES R. MATTHEWS; JOSEPH HOEFFEL; BRUCE L. CASTOR, JR., In
Their Official Capacities Only As Commissioners Of Montgomery County,
_____

On Appeal from the United States District Court
For the Eastern District of Pennsylvania
(D.C. No. 08-CV-04259)
District Judge: Hon. Juan R. Sanchez

Submitted Under Third Circuit 34.1(a),
January 12, 2012

Before: MCKEE, Chief Judge and FUENTES and JORDAN, Circuit Judges.

(Opinion Filed: March 21, 2012)
_____

OPINION OF THE COURT
_____


FUENTES, Circuit Judge.

Shaun Brown appeals from the District Court's decisions dismissing his First

Amendment retaliation and Pennsylvania Whistleblower Law claims and granting

summary judgment in favor of his former employer, Montgomery County, on his due process claim. For the reasons expressed below, we will affirm.[1]

## I.

As we write primarily for the parties, we discuss only those facts necessary to our decision.

Shaun Brown worked as a platoon supervisor at the Montgomery County Emergency Operations Center ("the Center") from 2003 to 2008. His responsibilities included supervising the Center and ensuring that dispatchers responded appropriately to 911 calls. On December 23, 2007, Brown and several dispatchers participated in a holiday gift exchange while on duty. Brown was the only supervisor present at the time. Among other things, the employees exchanged cases of beer, bottles of liquor, and sex toys. One of the dispatchers took photographs of the event, which depicted dispatchers, including Brown, posing with alcohol and sex toys at their work stations. Brown posted four of these pictures on his MySpace page.

On March 6, 2008, the Salary Board of the Board of Commissioners voted to terminate Brown. After Brown's termination, newspaper articles appeared that detailed the events surrounding his firing. Though the articles did not mention Brown by name, the Commissioners were quoted as stating that the behavior that took place at the gift

---

[1] The District Court had jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

exchange was "unbelievably stupid" and "moronic."[2] Brown says that he requested a name-clearing hearing after his termination, but no such hearing was provided as the County believed that he was not entitled to one.

On September 4, 2008, Brown filed suit, claiming that the County fired him not as a consequence of the gift exchange, but in retaliation for reports he made to county employees, an independent contractor, regulatory authorities, and the media about alleged deficiencies in the Center's Computer-Aided Dispatch system. He argued that his termination violated the First Amendment, the Due Process Clause of the Fourteenth Amendment, and Pennsylvania's Whistleblower Law.[3]

The County filed a Motion to Dismiss, which the District Court granted with respect to Brown's First Amendment and Whistleblower Law claims but denied with respect to his due process claim. After discovery was completed, the County filed a Motion for Summary Judgment on the due process claim, which the District Court granted.

## II. The First Amendment and Whistleblower Law Claims Were Properly Dismissed

We exercise plenary review of a grant of a motion to dismiss, accepting all allegations in the complaint as true and drawing all reasonable inferences in the light

---

[2] A March 21, 2008 article in the *Morning Call* newspaper did identify Brown by name, but by this time he had already made himself available to the news media. The County did not identify him for the press.

[3] Brown also asserted claims for invasion of privacy and defamation, but he has abandoned these claims and they are not a part of this appeal.

most favorable to the plaintiff.  *United States v. Occidental Chem. Corp.*, 200 F.3d 143 (3d Cir. 1999).

## A.

The threshold inquiry when analyzing a retaliation claim is whether the speech in question is protected by the First Amendment.  *Watters v. Philadelphia*, 55 F.3d 886, 892 (3d Cir. 1995).  The Supreme Court has held that, "when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline."  *Garcetti v. Ceballos*, 547 U.S. 410, 421 (2006).  We have added that statements relate to an employee's official duties when they derive from "special knowledge" or "experience" acquired on the job.  *Foraker v. Chaffinch*, 501 F.3d 231 (3d Cir. 2007), *abrogated in part by Duryea v. Guarnieri*, 131 S. Ct. 2488 (2011); *see also Reilly v. Atl. City*, 532 F.3d 216, 226 (3d Cir. 2008) ("[T]he First Amendment does not prohibit managerial discipline based on an employee's expressions made pursuant to official responsibilities." (internal quotation marks and citation omitted)).

In his capacity as platoon supervisor, Brown gained intimate knowledge of and experience with the Computer-Aided Dispatch system.  Thus, Brown's reports were made pursuant to his official duties, and his statements do not receive First Amendment protection.

**B.**

The Pennsylvania Whistleblower Law mandates that a person alleging a violation of its provisions must bring an action "within 180 days after the occurrence of the alleged violation." 43 P.S. § 1424(a). This 180-day time limit is "mandatory and must be strictly applied." *Jackson v. Lehigh Valley Physicians Group,* 2009 WL 229756 at *5 (E.D. Pa. Jan. 30, 2009); *see also O'Rourke v. Pennsylvania Department of Corrections,* 730 A.2d 1039, 1042 (Pa. Commw. Ct. 1999) ("[T]his 180-day time limit is mandatory, and courts have no discretion to extend it.").

Brown claims that it was error to allow Montgomery County to assert the statute of limitations in a motion to dismiss because "the statute of limitations is an affirmative defense" that is not properly resolved under Federal Rule of Civil Procedure 12(b). Appellant's Br. 18. Rule 12(b) states that "[e]very defense . . . must be asserted in the responsive pleading if one is required," Fed. R. Civ. P. 12(b), though the Rule goes on to enumerate certain defenses that may be made by motion. Because the statute of limitations defense is not among those that Rule 12(b) allows to be brought by motion, a defendant wishing to invoke its protection must normally raise it in the answer. However, under the law of this Circuit (the so-called "Third-Circuit Rule"), such a defense may be asserted by motion to dismiss if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Hanna v. U.S. Veterans' Admin. Hosp.,* 514 F.2d 1092, 1094 (3d Cir.1975); *see also N'Jai v. Floyd*, No. 07-1506, 2009 WL 4823839 at *5 (W.D. Pa. Dec. 9, 2009) ("If the limitations bar is apparent on the face of the complaint, then it may be the basis

5

for dismissal of the complaint under Rule 12(b)(6).”), *aff'd,* 386 F. App'x 141 (3d Cir. 2010).

In this case, Brown's amended complaint facially demonstrates noncompliance with the 180-day statutory limitations period of the Pennsylvania Whistleblower Act. The complaint lists March 7, 2008, as Brown's date of termination, and the District Court docket shows that Brown filed his complaint on September 4, 2008, exactly <u>181</u> days later. Thus, the District Court properly dismissed Brown's Whistleblower Law claim under Rule 12(b)(6) as untimely.

### III. The District Court Properly Granted Summary Judgment to Montgomery County on Brown's Due Process Claim

We exercise plenary review over the District Court's grant of summary judgment.

> Summary judgment may be granted if, drawing all inferences in favor of the nonmoving party, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

*Orsatti v. New Jersey State Police*, 71 F.3d 480, 482 (3d Cir. 1995) (quoting Fed.R.Civ.P. 56(c)).

Brown alleges that Montgomery County deprived him of his liberty interest in his reputation by making false and defamatory public statements about him without providing a name-clearing hearing. Specifically, Brown claims that he was stigmatized by quotes from County employees that appeared in a March 7th *Philadelphia Inquirer* article (wherein Commissioner Matthews referred to the employees' conduct as

6

"malfeasance")[4] and a March 21st article in *The Morning Call* (wherein Assistant County Solicitor Maureen Coggins was reported to have said that "employees violated county code by having alcohol on county property [and] . . . violated the county's code of ethics by engaging in inappropriate behavior").

In order to state a claim for a § 1983 due process liberty interest violation in the public employment context, a plaintiff must satisfy the "stigma plus" test. *See Hill v. Borough of Kutztown*, 455 F.3d 225, 236 (3d Cir. 2006). Under the "stigma plus" test, the "creation and dissemination of a false and defamatory impression is the 'stigma,' and the termination is the 'plus.' When such a deprivation occurs, the employee is entitled to a name-clearing hearing." *Id.* To satisfy the "stigma" prong of the test, the employee must show: 1) publication of 2) a substantially and materially false statement that 3) infringed upon the "reputation, honor, or integrity" of the employee. *Ersek v. Springfield*, 102 F.3d 79, 83-84 (3d Cir. 1996).

Brown failed to satisfy the stigma prong of the test. Even if Commissioner Matthews' comments had been directed at him, such statements were not sufficiently stigmatizing to implicate a liberty interest. *Mercer v. Cedar Rapids,* 308 F.3d 840, 845–46 (8th Cir.2002) ("[N]o liberty interest of constitutional significance is implicated when 'the employer has alleged merely improper or inadequate performance, incompetence, neglect of duty or malfeasance.'" (citation omitted)). Assistant County Solicitor

---

[4] Reading Commissioner Matthews' actual comments at the March 6th Board of Commissioners meeting in context reveals that the reference to "malfeasance" was not directed at Brown. Rather, the statement referred to the possibility that additional disciplinary action might be taken against other employees if they were found to have committed an act of malfeasance during the gift exchange.

Coggins's statements likewise described the employees' conduct at the gift exchange as having been improper and did little, if anything, to add to the stigma that Brown brought upon himself with his behavior. As the District Court noted, "[d]escribing [Brown's] conduct as malfeasance due to its capacity to damage public confidence in the County's emergency response system adds little to the reputational injury Brown suffered as a result of the disclosure of the conduct itself." *Brown*, 2011 U.S. Dist. LEXIS 35811 at *12. Thus, the District Court properly granted summary judgment to Montgomery County on Brown's due process claim.

## IV.

For the reasons stated above, we will affirm.