**Robert EDINGER, Appellant,**

v.

**BOROUGH OF PORTLAND.**

Commonwealth Court of Pennsylvania.

Argued June 18, 2015.

Decided July 8, 2015.

Christopher M. Shipman, Easton, for appellant.

Bernard T. Kwitowski, Bethlehem, for appellee.

BEFORE: DAN PELLEGRINI, President Judge, and BERNARD L. McGINLEY, Judge (P.), and P. KEVIN BROBSON, Judge.

OPINION BY Judge P. KEVIN BROBSON.

Robert Edinger (Appellant) appeals from an order of the Court of Common Pleas of Northampton County (trial court), which granted the Borough of Portland's (Borough) motion for summary judgment. We now affirm.

■ Appellant was employed by the Borough as a municipal police officer. In 2010, the Borough terminated Appellant's employment, and Appellant filed a complaint with the trial court alleging, in part, that the Borough violated 42 U.S.C. § 1983 by depriving him of liberty without procedural due process as required by the 14th Amendment to the United States Constitution.[1] Following the close of the pleadings

---

1. The trial court sustained the Borough's pre-liminary objections to counts alleging that the

and discovery, the Borough filed with the trial court a motion for summary judgment.

For purposes of summary judgment, the undisputed material facts are as follows. The Borough hired Appellant as a part-time police officer in 2001 and later promoted him to the position of Officer in Charge. On October 25, 2010, without notice and a hearing, the Borough conducted a special meeting to discuss Appellant's employment. During the meeting, the Borough announced to the public and press that Appellant had failed to certify a speed timing device and that Appellant's employment was being terminated for "dereliction of duty." *The Express–Times* newspaper published an article concerning the Borough's termination of Appellant's employment for dereliction of duty for failing to certify a speed timing device.

The trial court issued an opinion and order granting the Borough's motion for summary judgment. In so doing, the trial court relied on an unpublished opinion of the United States Court of Appeals for the Third Circuit, *Brown v. Montgomery County*, 470 Fed.Appx. 87 (3d Cir.2012). The trial court acknowledged that *Brown* did not have precedential value, but the trial court nevertheless found it significant that a large number of United States district courts have cited *Brown*. The trial

court, holding that *Brown* was the applicable test, concluded that the Borough's statements were not "sufficiently stigmatizing ... to implicate a constitutionally cognizable liberty interest," because the statements did not carry a stigma of moral turpitude. (Reproduced Record (R.R.) at 24, 26.) Appellant appealed to this Court.

On appeal,[2] Appellant argues that, in granting summary judgment in favor of the Borough, the trial court erred in concluding that the Borough's statements were not sufficiently stigmatizing to implicate a constitutionally protected liberty interest. Specifically, Appellant contends that the trial court erred. in relying on *Brown*. Alternatively, Appellant contends that, under *Brown*, the Borough's statements implied that Appellant was issuing speeding tickets in bad faith, thus implicating Appellant's moral turpitude rather than improper or inadequate performance, incompetence, neglect of duty, or malfeasance.

We first address Appellant's argument that the trial court erred in granting summary judgment in favor of the Borough on the basis that the Borough's statements were not sufficiently stigmatizing to implicate a constitutionally protected liberty interest, such that summary judgment in favor of the Borough was warranted.[3] Ap-

Borough wrongfully terminated Appellant's employment, violated the Local Agency Law, 2 Pa.C.S. §§ 551–55, 751–54, and deprived him of property without procedural due process.

2. This Court's standard of review of a trial court's order granting summary judgment is de novo and our scope of review is plenary. *Pyeritz v. Commonwealth*, 613 Pa. 80, 32 A.3d 687, 692 (2011). Under this standard, we may reverse a trial court's order only for an error of law. *Id.*

3. Summary judgment is appropriately granted only when there are no genuine issues of

material fact and the moving party is entitled to judgment as a matter of law. *401 Fourth St., Inc. v. Investors Ins. Grp.*, 583 Pa. 445, 879 A.2d 166, 175 n. 4 (2005); Pa.R.C.P. No. 1035.2. A party is entitled to judgment as a matter of law only where the entire record, including all pleadings, depositions, answers to interrogatories, admissions, affidavits and expert reports, establishes that the moving party's right is "clear and free from doubt." *LJL Transp., Inc. v. Pilot Air Freight Corp.*, 599 Pa. 546, 962 A.2d 639, 647 (2009). We examine the record in the light most favorable to the non-moving party, and any doubts as to the existence of a genuine issue of material

pellant contends that the trial court erred in relying on *Brown.* Instead, Appellant argues that, because *Brown* lacks precedential value, the trial court should have relied on *Conjour v. Whitehall Township,* 850 F.Supp. 309 (E.D.Pa.1994). Appellant also asserts that *Brown* adds an additional element to the federal "stigma plus" test that is not found in *Conjour.*

▪ "Where a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential." *Wisconsin v. Constantineau,* 400 U.S. 433, 437, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971). Reputation alone, however, is insufficient to implicate a constitutionally protected liberty interest. *Hill v. Borough of Kutztown,* 455 F.3d 225, 236 (3d Cir.2006). "[T]o make out a due process claim for deprivation of a liberty interest in reputation, a plaintiff must show a stigma to his reputation plus deprivation of some additional right or interest." *Id.* This test is referred to as the "stigma plus" test. *Id.* To satisfy the stigma prong of the test, a stigmatizing statement must (1) be made publically and (2) be false. *Id.*

In *Conjour,* the Whitehall Township Chief of Police (Conjour) brought an action against the township for, *inter alia,* deprivation of liberty without due process, and the township moved for summary judgment. The suit arose when the township executive terminated Conjour's employment and stated that Conjour " 'did not adequately maintain the image [she] would expect of the chief law enforcement officer in the township,' that the police department had been inefficiently run, and that … Conjour failed to fulfill his duties." *Conjour,* 850 F.Supp. at 313 (first alteration in original). The United States Dis-

trict Court for the Eastern District of Pennsylvania noted that the township's termination of Conjour's employment was accompanied by well-publicized, stigmatizing statements, Conjour was unemployed for over a year, and his new position was inferior to his position as Chief of Police. The court held that the "evidence [wa]s sufficient to raise a material issue of fact regarding whether … [Conjour's] liberty interest in not having future employment opportunities impaired by defamatory charges issued during the course of termination was violated." *Id.* at 316. Accordingly, the court denied the township's motion for summary judgment.

In *Brown,* the Third Circuit Court of Appeals considered whether Montgomery County deprived Brown, a former employee, of liberty without due process. Brown, while on duty as a platoon supervisor, participated in a holiday gift exchange during which several county employees exchanged gifts such as alcohol and sex toys. The employees took photographs of the event which were ultimately posted on a social media website. The Montgomery County Board of Commissioners voted to terminate Brown's employment and newspapers reported the story surrounding the termination. In several articles, the employer referred to Brown's conduct as "malfeasance," "inappropriate behavior," or a violation of the county's code of ethics. *Brown,* 470 Fed.Appx. at 90–91. The court held that the employer's "statements were not sufficiently stigmatizing to implicate a liberty interest," and, thus, Brown did not satisfy the stigma prong of the stigma plus test. *Id.* at 91. In so doing, the court cited *Mercer v. Cedar Rapids,* 308 F.3d 840 (8th Cir.2002), for the proposition that "no liberty interest of constitutional significance is implicated when the employer has alleged merely improper or

fact must be resolved against the moving party. *Id.*

inadequate performance, neglect of duty or malfeasance." *Id.* (internal quotation marks omitted). The court further explained that " '[d]escribing [Brown's] conduct as malfeasance due to its capacity to damage public confidence in the [c]ounty's emergency response system adds little to the reputation injury Brown suffered as a result of the disclosure of the conduct itself.' " *Id.*

■ "[O]ur Supreme Court has held that absent a pronouncement by the United States Supreme Court, decisions of the inferior federal courts are not binding upon Pennsylvania courts." *Weaver v. Pa. Bd. of Prob. and Parole*, 688 A.2d 766, 772 n. 11 (Pa.Cmwlth.1997). Thus, "[e]ven where a federal question is involved, the state court is not required to follow a federal court and can determine whether or not the federal court decision is persuasive." *Id.* Accordingly, neither *Brown* nor *Conjour* are binding on this Court. We do, however, find the *Brown* analysis persuasive.

As noted by the trial court, a number of United States district court opinions emanating from the Third Circuit have cited *Brown* or its progeny for the proposition that the allegedly stigmatizing statements must go beyond allegations of improper or inadequate performance, incompetence, neglect of duty, or malfeasance.[4] This proposition is also long-standing precedent in the United States Court of Appeals for the Eighth Circuit, *see, e.g., Mercer*, 308 F.3d at 845 (holding that comments con-

cerning ex-employee's ability to perform job could not be construed to suggest stigmatizing traits), and the United States Court of Appeals for the Seventh Circuit, *see, e.g., Elliott v. Hinds*, 786 F.2d 298, 302 (7th Cir.1986) (providing that liberty interest is implicated when the "individual's good name, reputation, honor or integrity are at stake by such charges as immorality, dishonesty, alcoholism, disloyalty, communism, or subversive acts"). Also relevant to our conclusion that *Brown* is persuasive are the multitude of Third Circuit cases published prior to *Brown*, yet after *Conjour*, which espouse the concept that stigmatizing statements must go beyond allegations of improper or inadequate performance, incompetence, neglect of duty, or malfeasance. *See, e.g., Chinoy v. Pa. State Univ.*, (M.D.Pa., No. 11–CV–01263, Mar. 6, 2012), slip op. at 5, 2012 WL 727965 (holding that statements did not satisfy stigma prong because they concerned only professional competence); *Kohn v. Sch. Dist. of City of Harrisburg*, 817 F.Supp.2d 487, 498 (M.D.Pa.2011) (holding that statements did not stigmatize employee because they concerned competency and job performance). Due to the weight of authority supporting the analysis employed in *Brown*, we will apply the *Brown* analysis to the instant matter.

Appellant next argues that, under *Brown*, the Borough's statements concern Appellant's moral turpitude rather than improper or inadequate performance, incompetence, neglect of duty, or malfea-

---

4. *See, e.g., Fouse v. Beaver Cnty.*, (W.D.Pa., No. 2:14–cv–00810, 2015 WL 1967242, filed May 1, 2015); *Pasour v. Phila. Housing Auth.*, 67 F.Supp.3d 683 (E.D.Pa.2014); *Reed v. Chambersburg Area Sch. Dist. Found.*, (M.D.Pa., No. 1:13–cv–00644, 2014 WL 1028405, filed Mar. 17, 2014); *Rodriguez v. City of Phila. Dep't of Human Servs.*, (E.D.Pa., No. 14–187, 2014 WL 882099, filed Mar. 6, 2014); *Frederick v. Barbush*, (M.D.Pa., No. 1:13–CV–00661, 2014 WL 840390, filed Mar. 4, 2014); *Carroll v. Lackawanna Cnty.*, (M.D.Pa., No. 3:12–cv–2308, 2014 WL 325322, filed Jan. 29, 2014); *McSparran v. Commonwealth*, (M.D.Pa., 1:13–CV–1932, 2013 WL 6631654, filed Dec. 17, 2013); and *Flynn v. Borough of Jermyn*, (M.D.Pa., No. 3:12–2559, 2013 WL 4520843, filed Aug. 26, 2013).

sance. Thus, Appellant contends that the Borough's statements had the effect of depriving Appellant of a protected liberty interest. In so doing, Appellant relies on *Rossiter v. City of Philadelphia*, (E.D.Pa., No. 13–3429, 2014 WL 1034326, filed Mar. 17, 2014). The statements at issue in *Rossiter* concerned an employee's "overtime abuse." *Rossiter*, slip op. at 6. The employee in *Rossiter* was found to be reporting overtime work hours when he was actually at home. The employer "gave several statements to the media in which [it] accused [the employee] of overtime abuse and indicated [its] intent to fire [the employee]." *Id.* at 2. The United States District Court for the Eastern District of Pennsylvania concluded that these statements suggested that the employee "was dishonest in his overtime reporting, an accusation that carries a stigma of moral turpitude." *Id.* Accordingly, the court held that the employee was deprived of a protected liberty interest.

This matter is distinguishable from *Rossiter*. Here, Appellant contends that "the natural and inescapable implication of the Appellant's alleged failure to properly certify speed timing equipment is that he was issuing speeding citations in bad faith." (Appellant's Br. at 14.) We agree with the trial court that such an implication is speculative. In *Rossiter*, the claims of overtime abuse made against the former employee clearly implicated his honesty and, thus, moral turpitude. Here, there is no

such conclusion that can be drawn from the Borough's statements. The Borough did not allege that Appellant was issuing speeding tickets using an uncertified speed timing device; it simply indicated that Appellant did not certify the device.[5] The Borough's statement that Appellant's employment was terminated due to dereliction of duty for failing to certify the speed timing equipment carries no implicit suggestion of dishonesty; rather, it is a clear statement that Appellant's work performance was improper, inadequate, or constituted incompetence, neglect of duty, or malfeasance.[6] We, therefore, reject Appellant's argument that the Borough's statements regarding his termination implicate a liberty interest.[7]

Accordingly, we affirm the trial court's order.

### ORDER

AND NOW, this 8th day of July, 2015, the order of the Court of Common Pleas of Northampton County is hereby AFFIRMED.

### William LOGUE, Petitioner,

### v.

---

5. The only statement regarding speeding tickets in *The Express–Times* article is provided by Appellant, who "said police did not write speeding tickets with the uncertified [speed timing device] but did ticket speeding drivers who failed to obey traffic control devices." (R.R. at 59.)

6. The term "dereliction," in this context, is defined as "intentional or conscious neglect." Merriam Webster's Collegiate Dictionary 311 (10th ed. 1997). "Dereliction of duty," there-

fore, suggests that Appellant consciously neglected his duty to certify the speed timing device.

7. The Borough argues the trial court's order should be affirmed because the Borough lacked actual malice in making the statements concerning Appellant's employment. Because we affirm the trial court's order for the reasons provided above, it is unnecessary to address this argument.